SUTHERLAND *v.* CLEVELAND, CINCINNATI, CHICAGO AND ST LOUIS RAILROAD COMPANY.

[No. 18,117.   Filed September 17, 1897.]

PRACTICE.—*Special Verdict.*—A party who makes no demand for a special verdict cannot complain that the demand therefor by the opposite party was not complied with.   *pp. 309, 310.*

EVIDENCE.—*Harmless Error.*—In an action against a railroad company for personal injuries, the refusal of the trial court to admit in evidence an ordinance prohibiting trains from running faster than four miles an hour, was harmless error, where the plaintiff wholly failed to establish her own freedom from negligence contributing to her injury.   *p. 310.*

PRACTICE.—*Negligence.*—*When Court May Direct Verdict.*—In an action for personal injury, based upon the negligence of defendant,

Sutherland *v.* Cleveland, etc., Railroad Company.

plaintiff must aver and prove his freedom from contributory negligence proximately causing his injury, and upon failure of such proof it is the duty of the trial court to instruct the jury to find against him, even though he establish all other essential facts of his cause of action. *pp. 310, 311.*

CONTRIBUTORY NEGLIGENCE.—*Railroad Crossing.*—Where a person, attempting to cross several railroad tracks, saw a train coming, and turning back to avoid such train, saw a train coming from the opposite direction on another track which she thought she could pass over before it would reach her, and was struck by such latter train, and was injured, she was guilty of such negligence contributing to her injury in attempting to cross said last track, as to preclude a recovery. *pp. 311, 212.*

From the Marion Superior Court. *Affirmed.*

*George W. Galvin* and *Thomas Hanna,* for appellant.

*Byron K. Elliott, William F. Elliott* and *John T. Dye,* for appellee.

McCABE. C. J.—The appellant sued the appellee to recover damages laid at $25,000.00, for alleged personal injury inflicted on her by the alleged negligence of the defendant. After the close of the plaintiff's evidence the court on the defendant's motion instructed the jury to return a verdict in favor of the defendant, which it did. After overruling appellant's motion for a new trial, the court rendered judgment on the verdict.

The defendant had at the proper time demanded that the jury be required to make a special verdict, and one of the reasons assigned in the motion for a new trial is that the court failed to require the jury to return a special verdict in accordance with the opposite party's demand. There is nothing in this point. The party who makes no demand for a special verdict cannot complain that the demand of the opposite party was not complied with. Moreover, the appel-

lant has waived the point, even if there was anything in it, by failing to discuss it in her brief.

Another ground of the motion is the refusal of the trial court to admit in evidence an ordinance of the city prohibiting trains from running faster than four miles an hour.  The object of this evidence, we are informed, was to establish negligence on the part of the defendant railway company by showing that the train that struck the appellant was running at a greater rate of speed than four miles an hour.  Without deciding the many objections urged to the admissibility of the ordinance, and conceding without deciding that it was error to exclude it as evidence, it is insisted that such supposed error was harmless because there was another element in appellant's case which she wholly failed to establish by the evidence, namely, her own freedom from negligence contributing to her injury.

As was said in *Oleson* v. *Lake Shore, etc., R. W. Co.*, 143 Ind. 405: "It is thoroughly settled that if the facts are undisputed, and only one inference can be reasonably drawn from them, the question of whether there is or is not contributory negligence is one of law for the court.   *   *   *   We think it is also correct doctrine that where the evidence given at the trial with all the inferences which the jury may justifiably draw from it is insufficient to support a verdict for the plaintiff so that such verdict, if returned, should be set aside, the court is not bound to submit the case to the jury but may direct a verdict for the defendant.   *   *   *   It is essential to appellant's right to recover that he aver and prove that he was free from negligence proximately causing his injury. *Cincinnati, etc., R. W. Co.* v. *Duncan*, 143 Ind. 524, and cases cited; *Smith* v. *Wabash, etc., R. R. Co.*, 141 Ind. 92, and cases cited; *Cincinnati, etc., R.W. Co.* v. *Howard*, 124 Ind. 280, 8 L. R. A. 593; *Mann* v. *Belt R. R., etc., Co.*,

Sutherland v. Cleveland, etc., Railroad Company.

128 Ind. 138, 19 Am. St. 96, and cases cited; *Pennsylvania Co.* v. *Meyers, Admx.,* 136 Ind. 242, and cases cited. If he fails to prove this essential and indispensable element of his cause of action, it was the duty of the trial court to instruct the jury to find against him, even though he established all the other essential facts of his cause of action." See, also, *Lake Erie, etc., R. R. Co.* v. *Stick,* 143 Ind. 449, 453.

The plaintiff's evidence shows that she was traveling south on Kentucky avenue, in the city of Indianapolis, where the same crosses a great number of railroad tracks; that when she had gotten about half way across said tracks she saw a Vandalia train approaching from the west on the Vandalia track. She thereupon turned and started back north, and as she ran back she saw appellee's train coming from the east, and she testified that she thought she must get off these tracks, and that, she says, is the last she ever knew about it. Appellant's evidence is very meager and scarcely establishes that the appellee's train struck her at all. But even if we are justified in drawing the inference that she was struck and injured by appellee's train, yet there is nothing to show that the plaintiff was in the exercise of due care, or was free from contributory negligence. On the contrary, it pretty clearly appears that she ran in front of appellee's train while it was in rapid motion running west.

Appellant's learned counsel seek to avoid the effect of such apparent negligence by invoking the principle, that where one is put into a position of sudden peril by the negligence of another, causing the loss of presence of mind and confusion on the part of the injured person, such person is not chargeable with negligence, even though he do not take the best course to avoid the danger, and even though he may under such cir-

cumstances act as no prudent person would act in the absence of fright and confusion caused by such sudden peril. While this is an old and familiar principle of the law of negligence, yet it finds no place in this case, because there is no proof that appellant was confronted by any such sudden peril. All she need to have done was to step between the tracks to secure safety. Indeed, she does not even claim in her testimony that she was frightened at the approach of the train either from the east or the west, much less that such fright or anything else caused her to lose her presence of mind whereby she did the rash act of running in front of the approaching train.

But, according to her own sworn statements, she knew all about the danger she incurred in so doing. She said she thought she could pass over the track in front of the train before it would reach her. She deliberately calculated, but made a mistake, and was injured. Under such circumstances her own deliberate act not only proximately contributed to her own unfortunate injury which appeals strongly to human sympathy, but it was almost the only cause contributing thereto, and without it her injury could not have occurred. Under such circumstances the stern demands of the law, as well as those of justice, require that she must endure her self-inflicted misfortune unremunerated.

The court did not err in directing such a verdict, and did not err in overruling her motion for a new trial. Judgment affirmed.