## De Lon *v.* Kokomo City Street Railway Company.

[No. 2,822.   Filed May 18, 1899.]

NEGLIGENCE.—*Proximate Cause of Injury.—Contributory Negligence.* —Where the driver of a street sprinkler, in attempting to cross a street car track in front of a car, miscalculated the time it would take him to cross and get out of the way, and was struck by the approaching car, and injured, such action on the part of the driver was the proximate cause of the injury, and he cannot recover therefor, although the negligence of the motorman in control of the car contributed to the injury. *pp. 378-380.*

STREET RAILWAYS.—*Injury at Crossing.—Rights of Company Superior to that of Vehicles.*—The right of a driver of a vehicle to cross a street car track is subject to the superior right of the company as to priority of passage. *pp. 381, 382.*

NEGLIGENCE. — *Contributory Negligence.—Wilfulness.*—Where the negligence of plaintiff proximately contributed to his injury, he cannot recover in an action for damages therefor, no matter how negligent the defendant may have been, unless the negligence of defendant was such as to imply a wilful intention to inflict the injury. *p. 382.*

From the Howard Superior Court. *Affirmed.*

*Elliott & Overton* and *F. N. Stratton*, for appellant.

*L. J. Kirkpatrick, J. F. Morrison* and *T. C. Mc-Reynolds*, for appellee.

ROBINSON, J.—Appellant sued appellee to recover damages for wrongfully and negligently running a car against appellant's wagon, throwing him to the ground and injuring him. The paragraph of the complaint to which the evidence seems to have been addressed avers that the negligence consisted in appellee's servants running a car against appellant's wagon while he was attempting to cross the car tracks; that, after appellee's servant in charge of the car saw appellant attempting to drive across, he increased the speed of the car; that, after such servant saw and knew of appellant's peril, he could have checked the speed of the car and stopped the same in time to have avoided all injury, but that such servant carelessly and negligently failed to apply the brakes or to try to check the car until it was almost against appellant's wagon; and that such servant carelessly and negligently ran the car with great force against appellant's wagon, throwing him to the ground and injuring him.

Appellee's car line runs north and south on Main street, crossing at right angles Sycamore and High streets, which are about sixty feet wide and 280 feet apart. High street is south of Sycamore, and Armstrong alley midway between them. The accident happened about sixty-six feet south of High street. Main street is slightly down grade from Sycamore street. Appellant was sprinkling streets and was driving a wagon drawn by two horses. It was about fourteen feet from the front end of the tank to the horses' heads, and the tank was about ten feet long. The wagon weighed 2,400 pounds, and the tank would hold 4,800 pounds of water, and was about three-fourths full at the time. At the place where the accident occurred, the planks at the sides of the rails were worn, leaving the rails about one inch and a half above the

De Lon *v.* Kokomo City Street R. Co.

surface. Appellant sprinkled Main street to a point sixty-six feet south of High street.

Appellant testified that he started south on the east side of Main street from Sycamore, and went on down to High street, "when I got down to where we turn—where we had made it a business to turn—this car was close to Armstrong alley, * * * and I turned my horse in square, and was crossing around to the west. I thought I had ample time, and would have had, if they had slowed that car down. If they had slowed that car I should have got out of the way. When they got on High street, or just approaching High street, they rang the bell at me. At this ringing of the bell I tried to get my team off the track. * * * I was crossing as I had many times crossed the track, when they were approaching High street. Well, I could not check that load of water. I had a heavy load of water, of course, to get back up the grade;" that the car struck the hind wheel of his wagon and threw him to the ground; that he had looked back when at High street and knew the car was coming south. He knew it was down grade from Sycamore street, and was well acquainted with the conditions of the street where the accident occurred. The car had stopped at Sycamore street to take on passengers. When he first saw the car it was running two or three miles an hour until it got to the alley. When it was nearing High street it was running about six miles an hour. He could see the car plainly. "The motorman rang the bell when he saw me square across the track. All the time he rang the bell strongly, but I was trying to get away;" that before he started to drive across, he looked and saw the car coming, but "I thought I had ample time to get across, or I should not have done it." There was no particular reason why he should cross in front of the car.

We must conclude from appellant's own evidence that he was not free from fault. He saw the car coming, and thought he could cross before it reached him. There was no

sudden or unexpected peril. Nothing required him to turn across the track. He could have remained in safety where he was until the car passed. He tried to cross, and incurred the hazard when there was no reason for doing so. He voluntarily drove upon the track in front of the approaching car, and simply miscalculated the time it would take him to cross and get out of the way. There is no escape from the conclusion that his act was a proximate cause of the injury. *Sutherland* v. *Cleveland, etc., R. Co.,* 148 Ind. 308; *Belton* v. *Baxter,* 54 N. Y. 245; *Citizens Street R. Co.* v. *Helvie, post,*515. But it is very earnestly argued by counsel that, even if appellant acted imprudently in driving across the track, appellee was nevertheless liable if the motorman saw, or could have seen appellant's carelessness and peril, and could have checked the car and prevented the injury, but carelessly and negligently failed to do so. And the refusal of the court, upon request, so to instruct the jury, is the principal question presented on this appeal.

It is the well settled rule in this State that where negligence is the issue, it must be a case of unmixed negligence. If the want of ordinary care and prudence contributed to the injury, or if ordinary care was not exercised to prevent the injury, there can be no recovery. *Ft. Wayne, etc., R. Co.* v *Gruff,* 132 Ind. 13; *Louisville, etc., R. Co.* v. *Lockridge,* 93 Ind. 191, and cases cited.

The doctrine as announced by appellant's counsel has been expressly denied by this court in *Indiana Stone Co.* v. *Stewart,* 7 Ind. App. 563. In *Evans* v. *Adams Ex. Co.,* 122 Ind. 362, 7 L. R. A. 678, the court said: "Where the negligence of two persons is contemporaneous, and the fault of each operates directly to cause the injury, the rule deducible from the authorities is that the plaintiff can not recover, if by the exercise of ordinary care on his part he might have avoided the injurious results of the defendant's negligence. *Mayhew* v. *Burns,* 103 Ind. 328; *Murphy* v. *Deane,* 101 Mass. 455; Bigelow Torts, 311. Where a collision occurs in

a public street by the united and contemporaneous negligence of two persons, neither can recover from the other for a resulting injury."

If the motorman, when he saw appellant on the track, had reason to believe that he was unconscious of the danger or unable to avoid it, it was his duty to use every reasonable effort to stop the car and arouse the attention of appellant. And the evidence is not disputed that the motorman was at his place of duty, and, as soon as appellant's presence was discovered, the gong was sounded; that the brake was applied until the car wheels were slipping; that the brakes were then released, and the electric current reversed, and this is shown by the evidence to be the proper method of stopping the car in the shortest possible space. So that it is seen that the facts of this case do not bring it within the principle contained in the instruction requested.

We have carefully considered each and all the instructions given by the court to the jury. Counsel take exception to certain parts of some of them. It is a familiar rule that instructions are to be taken as an entirety, and are not to be judged by detached sentences; and if, when taken together, they fairly and correctly state the law, the cause will not be reversed, even if some of the instructions considered alone may seem incorrect. Each particular instruction must be considered and construed in connection with all other instructions given. The instructions are quite long, and no good purpose would be subserved in setting them out. Taking them as a whole, we believe they state the law fairly and correctly, and that they are applicable to the evidence.

The evidence is undisputed that the motorman did all that could be done to stop the car and avert the collision from the time he saw appellant start to cross. There is no evidence that the speed of the car was increased after the motorman saw, or could have seen, appellant start across. By appellant's evidence, the car was within about 250 feet of

him before he started to cross. Other witnesses say the car was even closer than that. Nothing happened to appellant after he started to cross the track to increase his peril. The motorman had the right to presume he would pass on over and out of the way, but he was still bound to use care to avoid striking him, and the evidence is not disputed that the motorman did all he could to stop the car as soon as he saw appellant's peril. Appellant had the right to cross the track where he did cross it, and to use the street at that place, but his right to use it as a part of a public street was subject to the superior right of the company as to priority of passage. *Young* v. *Citizens Street R. Co.*, 148 Ind. 54. See *Fenton* v. *Second Ave. R. Co.*, 126 N. Y. 625, 26 N. E. 967; *Covington, etc., Street R. Co.* v. *Enslen*, (Ky.), 38 S. W. 850; *Thomas* v. *Citizens Pass. R. Co.*, 132 Pa. St. 504, 19 Atl. 286.

If appellant's negligence proximately contributed to his injury, he can not recover, no matter how negligent the appellee may have been, unless the negligence of appellee was such as to imply a wilful intention to inflict the injury. *Cadwallader* v. *Louisville, etc., R. Co.*, 128 Ind. 518; *Korrady* v. *Lake Shore, etc., R. Co.*, 131 Ind. 261. The case made by the evidence is the ordinary case of negligence, and, as the evidence shows that the negligence of appellant proximately contributed to his injury, there could be no recovery even if it were conceded that appellee was culpably negligent. See *Indiana, etc., R. Co.* v. *Hammock*, 113 Ind. 1; *Ohio, etc., R. Co.* v. *Hill*, 117 Ind. 56.

From the whole record, we must conclude that the verdict of the jury was right. Judgment affirmed.