## MORAN, RECEIVER, v. LESLIE.

[No. 4,477. Filed February 16, 1904. Rehearing denied April 20, 1904.]

STREET RAILROADS.—*Duty of Motorman to Avoid Collisions.*—It is the duty of the motorman of a street car when running a car along a street where persons frequently cross the tracks to have the car under such control as to be able to check it to avoid collisions, and to keep a vigilant outlook to the same end. *p. 82.*

SAME.—*Injury at Crossing.—Contributory Negligence.*—Where plaintiff saw a street car approaching, knew that it was likely to strike him if he attempted to cross the tracks, hesitated, then, at the suggestion of his

companion, struck his horse and attempted to cross the track and was struck by the car, he was guilty of such contributory negligence as to preclude a recovery for the injuries sustained.  *p. 82.*

From Gibson Circuit Court; *O. M. Welborn*, Judge.

Action by Frank Leslie against Harrold D. Moran, receiver of the Evansville Street Railroad Company. From a judgment for plaintiff, defendant appeals.  *Reversed.*

*Alexander Gilchrist, C. A. DeBruler, J. D. Wellman* and *L. C. Embree*, for appellant.

*A. F. Funkhouser, A. W. Funkhouser, G. K. Denton, W. E. Stillwell* and *C. M. Seiler*, for appellee.

Roby, J.—This is an action brought by the appellee against the appellant to recover damages for personal injuries alleged to have been sustained by the appellee by reason of a collision of a street car operated by servants of the appellant with a wagon which the appellee was driving, and from which he was thrown by the collision while attempting to cross the track of the street railroad.

The single assignment of error is that the court erred in overruling appellant's motion for a new trial.  Under this assignment appellant argues that the verdict of the jury is not sustained by sufficient evidence; that the court erred in instructions given at his own instance, and at appellee's request, and in refusing those requested by appellant.

Appellee had a verdict for $3,000, remitted $600, judgment rendered for $2,400.  The union depot at Evansville is situated at the southeast corner of Main and Eighth streets.  At the north end there was, when appellee received his injuries, a paved driveway forty-seven feet wide and fifty feet deep, ending at the railroad platforms, where mail and baggage are unloaded.  Double street railway tracks are located on Main street west of said building and driveway.  The sidewalk between the building and the car tracks was eleven feet wide.  The space between the car track and the sidewalk was about twelve feet, and at the time of the

accident was occupied by cabs and wagons. Appellee was the driver of a mail wagon, covered and with a wire netting back of the seat. A train due at 9:35 p. m. was thirty-five minutes late, so that he had, after receiving mail from it, only seventeen minutes in which to drive to the post-office, and thence to the Louisville & Nashville depot. A mail clerk assisted him in loading, and got into the seat with him. They drove out of the passageway and upon Main street, when they saw a street car thirty feet south, and coming north. The head of the horse was over the first rail of the east car track, upon which track the said car was approaching, and appellee either stopped or checked the horse to allow the car to pass. The mail agent said, "You have time to make it across," and appellee then hit the horse with the lines, and drove across the track. "When I got across, except the left hind wheel of the wagon, the car struck the left hind wheel," etc.

The verdict, in so far as it finds the motorman on the street car to have been guilty of negligence, is not without support in the evidence. It was his duty, when running the car along the street at such a place, to have it under such control as that he might be able to stop or check it to avoid collision, and also to keep a vigilant outlook to the same end. Had he done so, the collision would not have taken place, as is established by the general verdict. The quality of appellee's conduct does not depend upon the acts or omissions of the motorman. He saw the car approaching, knew that it was likely to strike him if he attempted to cross, hesitated, and then concluded, influenced by the expression of his companion, to race with it. This he did, and lost. He was guilty of contributory negligence in so doing, and the jury should have been so instructed.

Judgment reversed, with instructions to sustain motion for a new trial and for further proceedings.