Henry Mullen, Defendant in Error, v. W. O. Johnson, Receiver, Plaintiff in Error.

Gen. No. 6,069. (Not to be reported in full.)

Error to the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 20, 1915.

## Statement of the Case.

Action by Henry Mullen, plaintiff, against W. O. Johnson, receiver, defendant, in the Circuit Court of Lake county, to recover for personal injuries alleged to have been sustained by plaintiff as a result of a collision between a covered wagon which plaintiff was driving, and an electric street car of a street railroad company of which defendant was receiver. To reverse a judgment for plaintiff for $1,500, defendant prosecutes this writ of error.

On the 5th day of August, 1912, plaintiff was driving a covered wagon with a load of cut flowers on a public highway from the City of Lake Forest, Illinois, north to the City of Waukegan, and while crossing the double tracks of the Chicago & Milwaukee Electric Railroad Company, of which company the defendant was receiver, the hind wheel of his wagon was struck by a car running north on the east track and he claims to have been injured by the shock of the collision.

The plaintiff was a man about forty-five years old, in the employ of a florist and had been over this highway many times and was familiar with the location and

operation of cars there. He had been driving north on a highway that ran a little distance away from the electric railroad, perhaps forty-five feet. At a point not far from where the accident happened the car tracks came on to the public street at a place where it deflects slightly to the east. It was natural and usual for drivers of vehicles to cross the car tracks to get on the east side of them at about this point where the road deflects, and there was a portion of the road worn by travel indicating where teams had often crossed. The evidence is conflicting whether plaintiff crossed at the beaten path or drove along the west track for some distance and then abruptly turned and crossed the east track ahead of the approaching car. The view was unobstructed for several hundred feet from the place of the accident.

The case has been twice tried. Plaintiff first filed a declaration of one count charging in general terms that defendant was negligent in that the operation of the car in question was careless and improper, to which defendant pleaded the general issue. At the close of all the evidence a juror was withdrawn and the case was continued, after which plaintiff filed another count charging wilful, wanton and malicious injury. A second jury trial followed, at which the jury found defendant guilty as to the first count and not guilty as to the additional count. Motions by defendant for a new trial and in arrest of judgment were overruled.

BULL & JOHNSON and CHARLES H. KING, for plaintiff in error.

CHIPMAN & JACKSON, for defendant in error.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 97*—*when driver crossing in front of car guilty of contributory negligence.* One who is driving a vehicle in a public highway parallel to a street car track and who suddenly turns upon the track without looking to see if a car is approaching is not in the exercise of ordinary care, and in case that the vehicle is struck by a car such driver is guilty of contributory negligence.

2. STREET RAILROADS, § 91*—*what care drivers of vehicles must exercise.* Drivers of vehicles have not equal rights in the highway with street cars so that such drivers may drive on or across street car tracks between street intersections, knowing that a collision will be inevitable unless the car is stopped, and may not rely on the motorman of such car to prevent such collision by stopping his car.

3. STREET RAILROADS, § 64*—*what care required in operation of car at crossings.* A street car should be operated with more care at places habitually used by the public for crossing the track than at places not customarily used for crossing.

4. STREET RAILROADS, § 63*—*what degree of care required in operation of car at place other than usual crossing.* A motorman of a street car who sees the driver of a vehicle proceeding along the track without crossing at the usual place may assume, in the exercise of due care, that such driver does not intend to cross, and therefore not hold his car in such good control as if he saw such driver approaching such crossing.

5. STREET RAILROADS, § 111*—*when motorman presumed to know possible presence of vehicles at crossing.* A motorman operating a street car in a public highway who is approaching a usual place of crossing is presumed to know that there may be vehicles crossing at such point, and therefore, if he sees an approaching vehicle, be bound to keep his car in better control than at other points.

6. STREET RAILROADS, § 73*—*when signals necessary.* In case of a collision between an electric street car and a vehicle, the question whether the motorman gave signals or not is only important where the collision took place at a street intersection where the motorman is presumed to know that such vehicles might be crossing, or where such signals are necessary in the exercise of due care in order to give warning of the approach of his car to a vehicle ahead of the car which, without such warning, might turn upon the track, such signals being unnecessary at other times.

7. APPEAL AND ERROR, § 1778*—*when case will not be reversed without remanding because of insufficiency of proof.* In an action to recover for personal injuries alleged to have been sustained by reason of a collision between a wagon which plaintiff was driving

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and an electric car, due to defendant's negligence, where the evidence of plaintiff was vague and contradictory and tended to show contributory negligence in that plaintiff attempted to cross the track in front of the car at a point other than the usual crossing, evidence *held* insufficient to warrant the Appellate Court in reversing without remanding.

8.  STREET RAILROADS, § 131*—*when evidence insufficient to establish wilful and wanton conduct in operation.* In an action to recover for personal injuries sustained as a result of a collision between a wagon which plaintiff was driving and an electric car, due to defendant's alleged negligence, where one of the counts of plaintiff charged wilful, wanton and malicious injury in the operation of the car in question, a verdict of not guilty as to this count *held* right, there being no evidence of wilful and wanton conduct in running the car at a high rate of speed.

9.  NEGLIGENCE, § 68*—*when one failing to employ all reasonable means to avoid injury may not recover.* In an action to recover for personal injuries alleged to be due to defendant's negligence, plaintiff cannot recover if he was negligent in failing to employ all reasonable means to avoid the injury.

10.  STREET RAILROADS, § 131*—*when evidence insufficient to warrant finding of lack of contributory negligence.* In an action to recover for personal injuries sustained as a result of a collision between a wagon which plaintiff was driving and an electric car, due to defendant's alleged negligence, evidence *held* insufficient to warrant a finding that plaintiff was at the time of the accident in the exercise of due care.

11.  STREET RAILROADS, § 131*—*when evidence insufficient to sustain finding of negligence.* In an action to recover for personal injuries sustained as a result of a collision between a wagon which plaintiff was driving and an electric car, alleged to be due to defendant's negligence, evidence *held* insufficient to sustain a finding that defendant was negligent.