James F. Bishop, Administrator of the Estate of Frank Birr, Deceased, Appellee, v. Chicago Railways Company, Appellant.

## Gen. No. 25,163.

1. STREET RAILROADS, § 138*—*when proper to direct verdict for defendant in action for wrongful death.* A directed verdict for defendant would have been justified, where plaintiff's intestate died as the result of being crushed between a truck on which he was riding and a street car of defendant, where it appeared that the truck, which had been too near the track to permit the car to pass, turned out a sufficient distance to enable it to so pass, and then, when it had begun to pass and was proceeding safely, the truck suddenly veered towards the track far enough to crush the decedent between the truck and the car.

2. STREET RAILROADS, § 86*—*when motorman not negligent in failing to anticipate movement of truck.* A motorman could not be called negligent because of his failure to anticipate the unexpected swerving of a truck towards the track after it had turned out sufficiently to enable the car to pass.

3. WORKMEN'S COMPENSATION ACT, § 3*—*street car company as within act.* A street car company comes within the Workmen's Compensation Act of 1913.

4. WORKMEN'S COMPENSATION ACT, § 18*—*when proceedings and settlement under act bar action against third person.* Where a decedent, his employer, and the street car company, between whose car and the employer's truck decedent was crushed and killed, all came within the Workmen's Compensation Act of 1913, and the administrator had instituted proceedings before the Industrial Commission for compensation on account of the accident and death, which had resulted in a settlement for a lump sum, which was paid, such administrator had no cause of action against the street car company.

5. WORKMEN'S COMPENSATION ACT, § 18*—*when recovery under act bars action against third person.* Under section 6 of the Workmen's Compensation Act of 1913 [Cal. 1916 Stat. ¶ 5475(6)], relegating an injured employee to recovery under such section, and section 29 [Cal. 1916 Stat. ¶ 5475(29)], subrogating the employer to the right of recovery of the employee against a third person, an administrator, who had already recovered against his intestate's

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

employer under such act, could not also pursue an action against the third party under the Injuries Act.

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the March term, 1919. Reversed and judgment here. Opinion filed October 27, 1919. *Certiorari* denied by Supreme Court (making opinion final).

HARRY P. WEBER, GEORGE W. MILLER and ARTHUR J. DONOVAN, for appellant; JOHN R. GUILLIAMS and JOHN E. KEHOE, of counsel.

ZIMMERMAN & GARRETT, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

On February 19, 1915, Frank Birr was crushed between a truck on which he was riding and a street car belonging to the defendant. From the injuries received he died, and his representative, bringing suit, alleged that the accident was caused by the negligence of the defendant in the operation of its car. On trial by a jury he had a verdict and judgment for $5,000, from which defendant appeals.

At the time of the accident Birr was 17 years and 6 months old and was employed by John P. Lynch, who was operating an expressing business in Chicago under the names of Lynch Teaming Company and Lynch City Express Company. Birr's work was that of a helper or bundle boy on a motor truck owned by the Lynch Company. On the day in question one of Lynch's trucks started out with a load of boxes to be delivered. One Berkson was the chauffeur in charge of the truck; there was also another boy helper, as they used two boys when there was a heavy load. There seems to have been some trouble with the carburetor, and a mechanic named Towne was sent out to test it. Both the mechanic, Towne, and Berkson were

Bishop v. Chicago Railways Co., 215 Ill. App. 153.

attempting to find the seat of the trouble, while at the same time driving the truck in Chicago avenue westward. At the particular time of the accident the mechanic was driving, while Berkson was down on the fender looking for the source of the trouble. Chicago avenue is a wide, well-paved street, with room enough for two trucks to drive between the westbound car track and the north curb. They drove west on Chicago avenue to about Spaulding avenue, while Birr was standing on the footboard of the truck on the south side, about opposite the driver's seat. The body of the truck behind the driver's seat had what were called wings, which extended out a few inches beyond the footboard. The truck ran westward, north of the westbound track, but within 6 or 8 inches of the north rail. A westbound street car came up from the east and caught up with the truck about a block east of Spaulding avenue and began to trail along behind it. As the truck was then running it was too near the track to permit the street car to pass. Witnesses testified that the gong was rung, and that the truck turned out in a northwesterly direction, away from the track a sufficient distance to enable the car to pass. The witnesses testified that the clearance between the two vehicles was from 2 to 4 feet. The stories seem to agree that at this time there was not only apparently sufficient room to pass but in fact a sufficient clearance. The car began to pass and was proceeding safely when suddenly the truck veered southward towards the car track, far enough to crush Birr between the truck and the front right-hand corner of the car. There was no contact between the car and the truck itself. Both were running at a low rate of speed, and when Birr was hurt they stopped within a few feet. Birr jumped off, ran around the front end of the truck to the north curb, and fell down; he died about a month later from the injury sustained.

The fact that the truck turned in somewhat towards

the track seems to be conceded, but plaintiff's version is that even if this is so it was the duty of the motorman not to attempt to pass until the truck was at a greater distance from the track. This ignores the evidence that at the time the car started to pass the truck was at a sufficient distance from the track to permit the street car to pass without either striking it or any one standing on the footboard. We do not see how the motorman can be said to be negligent in accepting the opportunity to pass, which under the circumstances he would have every reason to believe was intentionally given by the driver of the truck. The action of the truck driver in turning in towards the car was sudden and unexpected. The motorman could not be called negligent because of the failure to anticipate this unexpected move. There is no negligence claimed in respect to the promptness in stopping the car.

We are of the opinion that the decision in *Chicago Union Traction Co. v. Browdy,* 206 Ill. 615, is applicable to the facts of this case, and upon what is there said, and the cases cited, we should be compelled to reverse with a finding of fact, if plaintiff had a cause of action.

We are of the opinion that plaintiff has no cause of action, for the following reasons: At the time of the accident the Workmen's Compensation Act of 1913 was in force. Birr's employer, Lynch, Birr, the employee, and the defendant all came within the operation of this act. Under the declaration and the evidence this is conclusively presumed to be the fact. That defendant comes within the act has been held in *Chicago Rys. Co. v. Industrial Board of Illinois,* 276 Ill. 112. Upon the trial defendant offered to show that Birr and his employer were both under the act, and that plaintiff, as administrator, had instituted proceedings before the Industrial Commission for compensation on account of the accident and death of

Birr; that it was right to do so was admitted; an adjudication was had and an award made, which resulted in a settlement for a lump sum which was paid.

Section 6 of the Compensation Act of 1913 [Call. 1916 Stat. ¶ 5475(6)] provides:

"No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee other than the compensation herein provided shall be available to any employee who is covered by the provisions of this act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury."

Section 29 [Call. 1916 Stat. ¶ 5475 (29)] provides in part:

"Where an injury or death for which compensation is payable by the employer under this act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this act, then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this act, by reason of the injury or death of such employee.   *   *   *"

In *Keeran v. Peoria B. & C. Traction Co.*, 277 Ill. 413, these sections were construed to mean "that no common-law or statutory right to recover damages for any accidental injury arising out of and in the course of his employment shall be available to any employee, either against his employer or against any third person whose negligence may have occasioned the injury, where such person had also elected to be bound by the act, the employer in such case being sub-

rogated to the right of the employee or his personal representative to recover, and the amount of the recovery being limited to the aggregate amount of compensation payable under the act.'' This was followed in *Friebel v. Chicago City Ry. Co.*, 280 Ill. 76 [16 N. C. C. A. 390].

It would seem to follow too clearly to require argument that plaintiff cannot pursue his action under the Injuries Act but must recover under the Compensation Act, as in this instance has already been done.

Plaintiff contends that section 29 controls a case where the negligence of the employer did not proximately cause the accident, whereas the evidence here shows that Birr's injuries were caused by the negligence of both his employer and the defendant; hence there is no subrogation, and the section must be construed as leaving the right of action in the employee. This conclusion is squarely opposed by section 6, which clearly and without ambiguity negatives any right of the plaintiff to proceed under the Injuries Act. Section 29 does not purport to affect the right of an employee; it simply gives an employer, who has been compelled to pay damages because of the negligence of a third party, the right to reimbursement from such party. We do not see how the employee can be concerned in this.

A few of the considerations leading us to reject the construction sought by plaintiff are these: The employer, the Lynch Company, is not a party to this particular suit, but plaintiff says this is an adjudication that the employer's negligence was one of the proximate causes of the injury, hence it has no recourse against the defendant under section 29. We do not understand how the employer's right against a negligent third party can be thus adjudicated against him in a suit in which he is not a party and without any opportunity to be heard.

Furthermore, plaintiff's construction would clearly

result in double compensation. The injured employee could collect from his employer the compensation fixed by the act, and then sue the third party under the Injuries Act, for the sole reason that the employer, having been negligent, could not be subrogated to the employee.

Again, this construction would penalize the third party who is under the act, for the negligence of the employer. If the employer is not negligent the third party can be made to pay only the amount awarded the employee under the Compensation Act, but if the employer also is negligent then the third party shall pay more, thus visiting the sins of the employer upon the third party.

Manifestly any construction resulting in such incongruities must be rejected as contrary to the purpose and spirit of the law. Such a strained and illogical construction cannot be adopted for the purpose of defeating the unequivocal operation of section 6, to say nothing of the purpose and aim of the entire Compensation Act.

For the above reasons we hold that under the law there can be no recovery by the plaintiff in this action, and that the trial court should have so instructed. The judgment is reversed, and as this disability of the plaintiff to pursue this action cannot be cured upon another trial, the cause will not be remanded, but judgment of *nil capiat* will be entered in this court.

*Reversed and judgment here.*