MARTHA T. HANN, ADMINISTRATRIX, ETC., APPELLANT, v. SALEM AND PENNSGROVE TRACTION COMPANY, RESPONDENT.

Argued November 20, 1919—Decided March 1, 1920.

Plaintiff's decedent, in an automobile, after traveling alongside a trolley car for some distance, drew slightly ahead, and without giving the statutory or any other warning, attempted to cross in front of the car so as to enter a farm-yard. The car was running within the statutory speed on a country highway. *Held*, that on the facts as established in the case, no negligence of the motorman was shown, and that negligence of the decedent was established.

On appeal from the Supreme Court.

For the appellant, *Wescott & Weaver*.

For the respondent, *Joseph H. Gaskill*.

The opinion of the court was delivered by

PARKER, J. The sole question raised relates to the propriety of a direction of verdict for the defendant by the trial judge. Plaintiff's decedent died as the result of injuries sustained because of his automobile, which he was himself driving, coming into collision with a trolley car of the defendant.

The collision occurred on the Salem and Pennsville highway, a road running approximately north and south, and at an entrance to the farm of Lewis Stiles, who was an eye-witness of the accident. The farm is about a mile from Pennsville, and defendant's trolley line runs along that road. The locality seems to have been open country, and the car was moving toward the south at what is testified to be the usual speed between towns of about twenty-five miles an hour, which is within the statutory limit. *Pamph. L.* 1915, *p.* 290, § 5 (2). The Stiles farm was on the east side of the road, which was laid three rods wide, with a traveled roadway of about thirty feet. The trolley line occupied about eight feet of the easterly side of the traveled way; next on the west was a narrow strip which seems to have been used by pedestrians, and on which at the time some children were walking to school, it being eight-thirty A. M. West of this the road had just been filled up with oyster shells, which were not broken or packed down, so this part of the road, ten or twelve feet wide, was not in use. Lastly, on the western side, was a traveled roadway on which decedent's automobile was going south, paralleling the car. There was planking between the trolley rails at the Stiles entrance, and the collision occurred because Hann undertook to enter the Stiles farm-yard by swinging his automobile to the left in front of the trolley car. The car and the automobile had been traveling side by side for quite a distance until, as they neared the Stiles farm, the automobile drew slightly ahead (no witness testified to more than thirty feet) and suddenly swerved to the left, aiming for the planked crossing. Decedent made no signal of his intention to turn as required by section 3 of the Traffic act. *Pamph. L.* 1915, *p.* 288; *Pamph. L.* 1918, *p.* 324. The side curtains of his automobile were down and fastened.

164     COURT OF ERRORS AND APPEALS.

Hann v. Salem & Pennsgrove Trac. Co.     *94 N. J. L.*

We are unable to perceive any theory of the case upon which a jury question was raised touching negligence of the motorman of the car. It is not claimed that he was proceeding at a dangerous or unlawful speed under ordinary circumstances; the claim seems to be that he should have been (as he says he was) aware of the existence of this farm entrance; should have anticipated that decedent would try to cross into it in front of his car, and should have been on the lookout for such a contingency and have controlled the speed of his car accordingly; and that in fact he was looking away from decedent's automobile. But it must be borne in mind that this was not a road crossing, but a simple farm entrance; that there was, except for such entrances occasionally occurring, an unbroken stretch of road, and that for a long distance decedent had been running practically alongside the car without the least indication of any intention to deviate from a straight course; that the motorman had to keep some sort of a lookout for vehicles emerging from the farm-yards and concealed by buildings; that he was entitled to assume that decedent, if intending to turn, would obey the law and give the statutory signal. It is urged that the motorman was at that moment looking toward the farm house and would not have seen the signal if it had been given; but this does not help the plaintiff's case, because if the motorman was entitled to expect a signal and it was not given, his failure to look for it was not a proximate cause of the accident. See *Horandt* v. *Central Railroad of New Jersey*, 78 *N. J. L.* 190, 194; *S. C.*, 81 *Id.* (at *p.* 488). Under the conditions as shown without dispute in this case, the motorman had no reason to suppose decedent would attempt to cross in front of him. *Solatinow* v. *J. C., H. & P. R. R. Co.*, 70 *Id.* 154; *Hollingsead* v. *Camden, &c., Railway Co.*, 72 *Id.* 154; *Hannon* v. *North Jersey Street Railway Co.*, 65 *Id.* 547; *Harbison* v. *Camden, &c., Railway Co.*, 74 *Id.* 252; *affirmed*, 76 *Id.* 824.

In the second place, even if it be assumed that there was negligence of the motorman (of which, as just stated, we find no proof), the uncontroverted facts show contributory negligence of the decedent. No one can tell whether he looked, or

if he looked, whether he saw the car; but in either of the three hypotheses, his negligence is manifest. If he did see the car within thirty feet as he turned, it was foolhardy to attempt to pass ahead of it when it was moving at the speed testified to. If he failed to look at all, or to look effectively and thus did not ascertain the proximity of the car, he was similarly guilty of negligence contributing to the accident. *Harbison* v. *Railway Co., supra,* and cases cited. In cases of this class there is a general presumption of care on the part of the deceased (*Danskin* v. *Pennsylvania Railroad Co., 79 N. J. L.* 526; 83 *Id.* 522), but such a presumption cannot persist in the face of a situation like that here exhibited.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 13.

*For reversal*—None.