## TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY v. SAWYER.

[No. 14,199. Filed February 5, 1932. Rehearing denied July 28, 1932.]

*Rawley, Baumunk & Fisher* and *Beasley, Aikman, O'Brien & Beasley,* for appellant.

*Cloe, Campbell, Cloe & Cloe, M. B. Hottel* and *R. V. Tozer,* for appellee.

LOCKYEAR, J.—The complaint in this action alleges that on the 19th day of June, 1926, the appellant herein owned and operated street cars over and along its elec-

tric car tracks in the center of National Avenue in the city of Brazil, Indiana; that on said day, one George Sawyer was driving and operating an automobile east on said highway in Brazil on the south side of the middle of said highway; that there was a touring car proceeding east along said avenue approximately 20 feet ahead of the automobile driven by said Sawyer, which Ford touring car was being driven and operated at a speed of 15 miles per hour; that said Sawyer reached a point on said highway just east of Hoosier Street and just west of Desart Street, which two last named streets cross National Avenue, and desiring to pass said Ford touring car, he drove the automobile in which he was riding to the left and to the middle of said National Avenue for the purpose of passing said Ford touring car in front of him. That said Sawyer was driving said automobile in which he was riding at a speed of 20 miles per hour; that when said automobile in which said Sawyer was riding reached the middle of said National Avenue and on the tracks of the said appellant's said electric railway, one of the appellant's street cars approached from the east at a speed of 20 miles per hour and the motorman in charge of said street car carelessly and negligently run and operated said street car upon and against the automobile in which said Sawyer was riding at a speed of 20 miles per hour, without a fender on the front end of his said car and negligently and carelessly run and operated said street car without sounding the gong at a distance of not less than 100 feet east of said Desart Street crossing; that the motorman of the appellant company carelessly and negligently run said street car against the automobile in which said Sawyer was riding and on and against said Sawyer, thereby crushing him under said car and injuring him to such extent that he died in ten minutes after said injury; that the death of said Sawyer was caused

wholly by the carelessness and negligence of the appellant, by the motorman carelessly and negligently running and operating said street car at a speed of 20 miles per hour in violation of three certain ordinances set out in the complaint, which prohibited the running of a street car over and along the streets of said city at a speed exceeding 15 miles per hour, and which provides for the sounding of a gong at a distance of not less than 100 feet from the nearest limit of each street crossing, from which any car may be approaching, and sounding of said gong, it is alleged the appellant failed to do; and that every street car running and operating in said city shall be provided with a fender on the front end to protect the life and limb of persons passing over said streets. This action is brought by said administrator alleging the next of kin to be the father, mother, brothers and sisters.

The appellant filed a demurrer to the appellee's complaint on the grounds that it does not state facts sufficient to constitute a cause of action against the appellant.

The court overruled said demurrer and the appellant saved proper exceptions thereto. We are of the opinion that the complaint states facts sufficient to constitute a cause of action.

The car lines upon which the street car track is located in the middle of the highway is what is known as National Highway, running east and west through Brazil; the car was what is known as an interurban car running west from Indianapolis to Terre Haute, Indiana.

The undisputed evidence is that from the south curb line of the street to the south rail of the interurban track is 17 feet and nearly 8 inches. The motorman on the car testified that the collision occurred at 11:02 p. m.; that he stopped his car at the B. & O. Railroad crossing

and then went on west sounding his gong; as he went west he observed an automobile coming toward him. The conductor on the car says that he was standing in the door just back of the motorman when the collision occurred and that he also observed the automobile before the collision. He says the car stopped at the railroad crossing and that he then boarded the car at the front and went on toward the west; that he did not see the Sawyer car until it came around the other automobile. The evidence is that the traction car stopped within its own length. The motorman and conductor testified that the speed of the interurban car was not over 10 miles per hour, but on that point the evidence is conflicting, but no evidence shows it to have been running more than 20 miles per hour.

Linzie Malone testified that he was driving his automobile east into Brazil and the traction car was going west; that he saw the interurban car coming and he pulled over to the curb, and that he was traveling about 15 miles per hour; he testified further "The first time I saw or knew that Sawyer was driving along the National Road, he was just coming around us." After the accident Malone got out of the car and went back to where the traction car and automobile were, about 25 feet.

Russell Davis was in the rear seat of the Malone car going east; saw Sawyer coming some distance back; saw the automobile coming from the west, saw the traction car coming from the east; "saw the car in which Sawyer was riding when it started around us." "His front fenders were even with our back fenders when the collision occurred." With reference to the motor exhaust of the Sawyer car, "I heard a loud roar and then it came up."

"After we saw the interurban car we traveled between a foot and a half and two feet of the curb line."

Nellie Davis, the wife of Russell Davis, testified that she was in the Malone car going east and corroborated her husband's testimony; she testified that she was hard of hearing; the motor of the automobile of Sawyer was making a loud roar, because she heard it notwithstanding her hearing was bad.

Herbert Fisher testified that he lives at 816 West National Road in Brazil, was sitting in front of his place of business and the collision occurred between 15 and 20 feet west of the door where he was sitting.

A Ford car was in front of the Sawyer car at the time of the collision. It was just barely in front of the Sawyer car. The Sawyer car just started around the Ford car when the collision occurred. The Ford car was traveling about 15 miles per hour, the Sawyer car something like 20 miles per hour. "I would judge the interurban car was running something like 20 miles per hour."

"The Ford car was running east and Mr. Sawyer started around the north side of the Ford, just pulled up on the street car tracks, coming from the west and they came head on."

"The interurban car stopped, I would judge, about 60 or 70 feet west of where the accident occurred," but did not measure it.

South curb line to south rail of the interurban track is 17 feet 7¾ inches.

Walter Dennis, a passenger on the interurban car, testified that the interurban car did not run its full length after the accident and was going about 10 miles an hour.

The motorman and conductor did not see the Sawyer car until it came around the Ford car.

The case was tried before a jury with a resultant verdict for the appellee in the sum of $1,500.

The appellant filed interrogatories to be answered by

the jury, and also a motion for judgment on the answers to the interrogatories, notwithstanding the verdict, which motion was overruled by the court and proper exceptions taken.

The appellant filed a motion for a new trial on the grounds that the verdict is not sustained by sufficient evidence and is contrary to law. This motion was overruled. The errors assigned are: The court erred in overruling appellant's demurrer to the appellee's complaint. The court erred in overruling appellant's motion for judgment on answers to the interrogatories. The court erred in overruling appellant's motion for a new trial.

The complaint in this action is predicated upon the negligence of the appellant in violating three city ordinances. First: In running a car more than 15 miles per hour. Second: In not sounding a gong at a street crossing. Third: In not having a fender on the front end of the car.

It has been held that although the appellant was guilty of negligence imputed to it, yet, if the deceased was at fault, appellee cannot recover. *Indianapolis St. Ry. Co.* v. *Zaring* (1904), 33 Ind. App. 297, page 299, 71 N. E. 270, 501.

It has been held that the driver of an automobile or other vehicle may use the part of the street occupied by tracks, but he should give way to the prior right of a street car upon its approach. *Alabama Power Co.* v. *Bass* (1929), 218 Ala. 586, 119 So. 625; *Gitomir* v. *United Rys. Co.* (1929) (Md.), 146 Atl. 279; *Struse* v. *Philadelphia Rapid Transit Co.* (1925), 87 Pa. Sup. Ct. 46, 2 A. L. R. 1607; *Kornwolf* v. *Milwaukee El. Ry. Co.* (1922), 176 Wis. 160, 185 N. W. 546.

The operator of a street car must exercise reasonable care so as not to injure persons rightfully in the street, but where the plaintiff knowing that the car was ap-

proaching turned out to the left to pass a moving van, traveling ahead of him, and which momentarily obscured his view of the car, where there was 18 feet of space in which he could have passed the van on the right, and sufficient space to the left between the van and the car if he could have straightened his truck in time, as he thought he could do in safety, it was held he was guilty of contributory negligence as a matter of law.   Berry on Automobiles, 2nd Ed., Sec. 392; *Brown* v. *Puget Sound E. Ry. Co.* (1913), 76 Wash. 214, 135 Pac. 999.

Here we have an interurban car running on a track in the middle of the wide street, nearly 18 feet from the curb.   The car is running west at a speed not to exceed 20 miles per hour.   Two automobiles are going east; the driver of the automobile in front sees the traction car, pulls over close to the curb, and the driver of the automobile in the rear comes up rapidly with a roar, darts around to the left of the automobile in front, up onto the track, immediately in front of the interurban car with the inevitable result of a collision in which the driver of the automobile lost his life.

The following cases hold that under such circumstances the driver of the automobile is, as a matter of law, guilty of contributory negligence and cannot recover:   *Moran* v. *Leslie* (1903), 33 Ind. App. 80, 70 N. E. 162; *De Lon* v. *Kokomo St. Ry. Co.* (1898), 22 Ind. App. 377, 53 N. E. 847; *Citizens St. Ry. Co.* v. *Helvie* (1899), 22 Ind. App. 515, 53 N. E. 191; *Young* v. *Citizens St. Ry. Co.* (1896), 148 Ind. 54, 44 N. E. 927; *Southerland* v. *Cleveland, etc., R. R.* (1897), 148 Ind. 308, 47 N. E. 624; *Indianapolis St. R. Co.* v. *Schmidt* (1905), 35 Ind. App. 202, 71 N. E. 663; *Indianapolis St. R. Co.* v. *O'Donnell* (1905), 35 Ind. App. 312, 316, 73 N. E. 163, 74 N. E. 253; *Beck* v. *Indianapolis Traction Co.* (1918), 67 Ind. App. 635, 643, 119 N. E. 528;

*Birch* v. *Athol et al. Ry. Co.* (1908), 198 Mass. 257, 84 N. E. 310; *Speakes Lime and Cement Co.* v. *Duluth St. R. Co.* (1920), 172 Wis. 475, 179 N. W. 596; *Bishop* v. *Chicago Rys. Co.* (1920), 215 Ill. App. 153; *Mullen* v. *Johnson* (1916), 196 Ill. App. 303; *Savage* v. *Public Service Ry. Co.* (1916) (N. J.), 99 Atl. 383; *Champaign* v. *Detroit United Ry. Co.* (1914), 148 N. W. 201; *Molbey* v. *Detroit United Ry. Co.* (1922), 191 N. W. 29; *Hann* v. *Salem Pennsgrove Tr. Co.* (1920) (N. J.), 109 Atl. 509; *New York Small Stock Co.* v. *Third Ave. R. Co.* (1895), 13 Misc. Rep. 276, 34 N. Y. Supp. 61; *Briscoe* v. *Washington-Oregon Corp.* (1915), 145 Pac. 995; Berry on Automobiles, 6th Ed., Sec. 829.

While the complaint states a cause of action and the answers to the interrogatories are not in conflict with the general verdict, yet we find that the undisputed evidence leads to but one conclusion and that is that the deceased, George S. Sawyer, was guilty of contributory negligence and therefore the verdict of the jury was not sustained by sufficient evidence and is contrary to law.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial.