THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, PLAINTIFF IN ERROR, v. JOHN BURNS, DEFENDANT IN ERROR.

A common carrier employing a servant to work at a terminal point, and contracting to transport him to and from work, cannot, through its train officials, lawfully require him to vacate a seat which he is occupying in the car, to which he has been duly assigned.

Error to the Passaic Circuit.

For the plaintiff in error, *Cortlandt Parker.*

For the defendant in error, *J. F. Kerr.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff was riding in defendant's train, occupying a seat in the smoking car. When the car became crowded so that passengers were standing, the conductor of the train requested the plaintiff to give up his seat to a passenger. This he refused to do, and for his forcible ejection he has brought suit against the company.

The main question submitted upon the argument was, whether the plaintiff was entitled, as a matter of right, to retain his seat under the circumstances of the case.

The circumstances were these : On April 5th, the plaintiff, who lived at Paterson, had been employed by the defendant to work for it at its terminus at Jersey City. The terms of this employment were that plaintiff should " get $1.10 a day and be brought back and forward." Pursuant to this hiring the plaintiff had been at work for two days, and on the evening of the second day was being carried by the defendant from Jersey City to Paterson. The gang of which plaintiff was one had boarded the train at Jersey City, under the immediate conduct of the gang boss, and had by his direction entered the car indicated by the gateman. Having thus entered the car,

which was the smoker, plaintiff took an unoccupied seat, and retained it until the conductor told him to give it up to a passenger who had paid his fare.

Upon these facts, which are undisputed, the court charged the jury that the plaintiff was entitled to retain his seat if he chose. This is clearly right. Whether his relation to the company was that of servant or passenger his right to transportation rested in contract, the difference being merely in the form of the agreement. In either case, in the absence of anything to the contrary, the right to transportation will be held to include the ordinary incidents of railroad carriage. The terms offered plaintiff by the defendant included passage each way to and from Jersey City. This he accepted, and the defendant cannot now import into the contract any radical departure from its ordinary significance. If something different from an ordinary right of passage was intended, some intimation should have been given plaintiff at the time the offer was made and accepted. If, pursuant to some regulation of the company, the right to occupy a seat during the transportation contemplated by the agreement was a conditional right only, then actual notice thereof should have been given plaintiff, in order that the parties might deal with each other with equal knowledge. Plaintiff was not employed to work on the train, hence notice of train regulations will not be imputed to him. His work was at a terminus, and the offer of carriage as part of his compensation did not disclose anything different from an ordinary passage. It is true he was an employe of the company, and hence was subject to obey reasonable instructions from the proper officials; had he intruded into a car reserved for ladies or unsuitable for his accommodation, he might have been required to leave it for another one, but when his immediate boss had indicated the smoking car as the proper place for him, and it came down to the question of his right to be seated, he was not bound to take from the train hands orders which would in effect deprive him of an essential part of his contract, and perhaps expose him to dangers for which he had not stipulated.

The arguments of counsel for defendant, based on the supposed analogy between private master and servant and the present case, are inapplicable, for the obvious reason that the contracts of a common carrier for carriage must always take color from the quasi-public character of the chief contracting party.  I may compel my servant to vacate the seat I have assigned him to in my carriage for the same reason that I may refuse .to receive him into it at all, notwithstanding he offer me money for his fare.

This disposes of the only question raised on the motion to non-suit, and by the principal assignments of error.  Other assignments of error refer to the charge of the court upon the measure of damages, which were not pressed upon the argument, and may be dismissed with the remark that in these respects the charge appears to us to be unexceptionable.

There being, therefore, no error in the record, the judgment of the Circuit Court will be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Knapp, Magie, Reed, Van Syckel, Brown, Clement, Whitaker.    10.

*For reversal*—None.