HARRIET A. ROBERSON v. GREENLEAF JOHNSON LUMBER COMPANY.

(Filed 15 March, 1911.)

**1. Railroads—Fellow-servants—Logging Roads.**

The Fellow-servant Act (Revisal, 2646) applies to logging roads using the agency of steam. *Bissell v. Lumber Co.,* 152 N. C., 125, cited and approved.

**2. Carriers of Passengers—Master and Servant—Fellow-servant—Employee.**

An employee of a railroad who customarily used the trains of the company in going to and from his work is a passenger while so doing.

**3. Railroads—Master and Servant—Employees—Usage—Actionable Negligence—Warning.**

The plaintiff, an employee of defendant railroad, boarded the defendant's train for the purpose of going home from his work, which had been customary: *Held,* it was actionable negligence for the employees of the train to suddenly start the train forward, without notice or warning, while the plaintiff was getting off at his usual place, and thus causing him to be thrown to the ground to his injury.

**4. Appeal and Error—"Case Settled"—Negligent Killing—Measure of Damages—Net Earnings—Support of Family.**

In an action for damages for the wrongful killing of plaintiff's intestate, it is not error to refuse an instruction which limited recovery to the net earnings, after deducting the cost the deceased would have incurred in supporting his family depending upon him, the object of the statute being to render compensation

as near as may be for the actual money value of the life by estimating the present cash value of his probable net earnings above the necessary expenses for his own support.

APPEAL by defendant from *Peebles, J.,* at December Term, 1910, of MARTIN.

The facts are sufficiently stated in the opinion of *Mr. Chief Justice Clark.*

*H. W. Stubbs for plaintiff.*
*P. H. C. Cabell and Winston & Matthews for defendant.*

CLARK, C. J.   Action for wrongful death of plaintiff's intestate, an employee of the defendant company, who had boarded its train, as was his custom, to return home at night from his work.  The complaint alleges that on reaching the place where said intestate was accustomed to alight, the said train stopped, and while said intestate was getting off said train the engine was suddenly and carelessly, without notice or warning, jerked forward by the negligent operation of the engine, throwing said intestate violently to the ground so that the cars ran over him, causing his death.

There was evidence to support the above allegation.  The Fellow-servant Act (Revisal, 2646) applies to these logging roads.  *Bissell v. Lumber Co.,* 152 N. C., 125, and cases there cited.  Besides, *pro hac vice,* the plaintiff's intestate was a passenger.

The court having held, upon the motion made in this case, that the appellee's case having been served in time, must be accepted as modifying the appellant's case, practically the only exception left for our consideration is the sixth, which is to the refusal of the court to instruct the jury, as prayed by the defendant, "that the plaintiff can only recover, if at all, the net earnings after deducting all the personal expenses, including what it would cost Roberson to support his family dependent upon him."  This was properly refused.  The object of the statute is to assess the present value of the prospective net earnings of the deceased after deducting only his reasonably necessary personal expenses.  To deduct, further, the support he would have been able to give his family would be to

deduct the very loss for which the statute was intended to give compensation. The whole subject is so fully discussed in *Carter v. R. R.,* 139 N. C., 500, and cases there cited, that it is unnecessary to do more than to reiterate what is there said.

In *Carter v. R. R., supra,* it is pertinently said: "The true rule requires the jury to deduct only the reasonably necessary personal expenses of the deceased, taking into consideration his age, manner of living, business, calling, or profession, etc." It adds that to deduct further, as the defendant there requested, "the amount spent for his family or those dependent upon him, the result would be to deprive the families of a very large majority of men from recovering damages for their death. But a small number of men accumulate estates. Their income or earnings, after paying their actual personal expenses, are expended in the support and education of their children. Certainly, it was not contemplated that for wrongfully causing the death of such a man no damage could be recovered, although his death deprives his family of their sole support, while for the death of one without any family, or who by miserly living and hoarding deprives his family of support and education, large damages should be awarded. It cannot, with any show of truth, be said that in the first case the family sustain no pecuniary loss by reason of the death of the husband and father. Such a construction of the statute would place beyond the protection of the law nine-tenths of the people." This same rule had been previously laid down in *Mendenhall v. R. R.,* 123 N. C., 276; *Poe v. R. R.,* 141 N. C., 528, and cases there cited, and has been approved recently in *Gerringer v. R. R.,* 146 N. C., 35.

The object of the statute is to render compensation as near as may be for the actual money value of the life of the man by estimating the present cash value of his probable net earnings above the necessary expenses for his own support. To do this, we should leave out of consideration whether or not he would probably have accumulated anything out of such net earnings, and, on the other hand, the number of the family dependent upon him.

No error.