Indiana Union Traction Co. *v.* Langley—178 Ind. 135.

---

## INDIANA UNION TRACTION COMPANY *v.* LANGLEY.

[No. 21,983. Filed June 7, 1912.]

1. CARRIERS.—*Injury to Passengers.—Employe as Passenger.*— Where a carrier of passengers employs a person and assigns to him a place of labor some distance from his home, giving him, in addition to his wages, tickets which entitle him to ride to and from his work, he is, while riding on such tickets, a passenger, and the carrier owes him the duty of carrier to passenger. p. 137.

2. TRIAL.—*Instructions.—Negligence.*—In an action for personal injuries caused by the derailment of an interurban passenger-car, an instruction did not invade the province of the jury, which told the jury that it was the motorman's duty to keep a diligent lookout ahead along the tracks for the purpose of discovering obstructions on the same, and if there was a failure to discharge such duty, and such failure caused the derailment of the car, defendant was guilty of negligence. p. 138.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Joseph Langley against the Indiana Union Traction Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*J. A. VanOsdol, Kittinger & Diven, Warner & Warner,* for appellant.

*Ralph W. Ross* and *Walter J. Lotz,* for appellee.

MORRIS, J.—Appellee sued appellant for personal injuries, and recovered a judgment for $550.

The complaint alleges that appellant was operating an interurban electric railway, and appellee was riding as a passenger in one of its cars, when the same was negligently derailed, causing the injury in controversy.

The only important question involved here is whether appellee was, when injured, a passenger on appellant's car.

Appellant contends that appellee was riding free on its passenger-car, from his work to his home, in the capacity of a servant, and not as a passenger, and that the injury he received was the result of the negligence of his fellow servants, for which appellant is not liable.

The facts are that appellant was operating an interurban electric railway between Muncie and Indianapolis, running through Yorktown, a town about six miles west of Muncie. Appellee resided at Yorktown. Previous to the accident he was employed by appellant in the capacity of a common laborer, in putting in concrete work and laying cross-ties and rails on the line of appellant's tracks, in the city of Muncie. By the terms of his contract of employment he was to receive $1.75 per day of ten hours, and daily transportation, each way between Yorktown and Muncie, on appellant's interurban passenger-cars. At the end of each day's work he was given, by appellant, two tickets, or transportation slips, one good for passage from Muncie to Yorktown, and the other from Yorktown to Muncie. These tickets were good for transportation on any of appellant's passenger-cars, and were used by appellee in going to his work at Muncie in the morning and returning to his home in the evening.

On the evening of the accident, after his day's work was done, he boarded one of appellant's cars at Muncie, bound for Indianapolis, and scheduled to stop at Yorktown. He had a ticket, or slip, good for a trip to Yorktown. When the car reached a point between Muncie and Yorktown it was derailed, which caused the injury in controversy.

The lower court instructed the jury on the theory that

appellee was riding on the car in the capacity of a passenger, and appellant excepted to the giving of such instructions, and requested others, on the theory that appellee was riding in the capacity of an employe, which requested instructions were refused.

1.

We think there was no error in such action. In *Indianapolis Traction, etc., Co.* v. *Romans* (1907), 40 Ind. App. 184, 79 N. E. 1068, there was presented substantially the same question here involved, and that court held that the injured party was riding in the capacity of a passenger. The case was decided in January, 1907, and in the following June the decision of the Appellate Court was approved by this court by its refusal to transfer the cause.

While the doctrine of the Romans case is not universally recognized in other jurisdictions, the weight of authority, as shown by recent decisions, is to the effect that where a carrier of passengers employs a person, and assigns him to a place of labor some distance from his home, giving him, in addition to his wages, tickets which entitle him to ride to and from his work, he is, while riding on such tickets, a passenger, and the carrier owes him the duty of carrier to passenger. *Herbert* v. *Portland R. Co.* (1907), 103 Me. 315, 69 Atl. 266, 125 Am. St. 297, 51 Am. and Eng. R. Cas. 512, 13 Ann. Cas. 886; *Harris* v. *City & Elm Grove R. Co.* (1911), 69 W. Va. 65, 70 S. E. 859; *Roberson* v. *Greenleaf Johnson Lumber Co.* (1911), 154 N. C. 328, 70 S. E. 630; *Enos* v. *Rhode Island, etc., R. Co.* (1907), 28 R. I. 291, 67 Atl. 5, 12 L. R. A. (N. S.) 244, 47 Am. and Eng. R. Cas. 612; *McNulty* v. *Pennsylvania R. Co.* (1897), 182 Pa. St. 479 (483), 38 Atl. 524, 38 L. R. A. 376, 61 Am. St. 721; Labatt, Master and Servant §624e; *Doyle* v. *Fitchburg R. Co.* (1896), 166 Mass. 492, 44 N. E. 611, 33 L. R. A. 844, 55 Am. St. 417; *Dickinson* v. *West End St. R. Co.* (1901), 177 Mass. 365, 59 N. E. 60, 83 Am. St. 284, 52 L. R. A. 326; *New York, etc., R. Co.* v. *Burns* (1889), 51 N. J. L. 340, 17 Atl. 630; *Louisville, etc., R. Co.* v. *Scott's*

*Admr.* (1900), 108 Ky. 392, 56 S. W. 674, 50 L. R. A. 381; *Chattanooga, etc., Transit Co.* v. *Venable* (1900), 105 Tenn. 460, 58 S. W. 861, 51 L. R. A. 886; *Williams* v. *Oregon, etc., R. Co.* (1898), 18 Utah 210, 54 Pac. 991, 72 Am. St. 777; *Simmons* v. *Oregon R. Co.* (1902), 41 Or. 151, 69 Pac. 440, 1022.

In instruction number five the court informed the jury that it was the motorman's duty to keep a diligent lookout ahead along the tracks for the purpose of discovering 2. obstructions or animals on the same, and if there was a failure to discharge such duty, and such failure caused the derailment of the car, defendant was guilty of negligence.

Under the evidence in this case, the instruction was correct, and did not, as claimed by appellant, invade the province of the jury. *Indianapolis Traction, etc., Co.* v. *Kidd* (1906), 167 Ind. 402, 79 N. E. 347, 7 L. R. A. (N. S.) 143, 10 Ann. Cas. 942; *Indianapolis St. R. Co.* v. *Schmidt* (1905), 35 Ind. App. 202, 71 N. E. 663, 72 N. E. 478.

There was evidence to support each material allegation of the complaint, and the record discloses no reversible error. Judgment affirmed.

NOTE.—Reported in 98 N. E. 728. See, also, under (1) 6 Cyc. 543; 13 Ann. Cas. 889; 19 L. R. A. (N. S.) 717; as to whether railroad employes or officers are passengers, see 31 L. R. A. 321; (2) 29 Cyc. 645. As to whether a railroad company owes a duty, as to a passenger, to its employe being carried on its train gratuitously, under its contract of service, to and from work, see 61 Am. St. 97.