Railroad v. Caviness.

MEMPHIS STREET RAILWAY COMPANY *v.* W. N. CAVINESS*

*(Jackson.* April Term, 1913.)

COMMON CARRIERS. Payment of fare is not essential to create relation of carrier and passenger, and passenger riding free may recover for negligent personal injuries, when.

The payment of fare is not necessarily essential to the establishment of the relation of carrier and passenger, and a person fairly accepted for transportation, like a paying passenger, may recover for personal injuries resulting from want of ordinary care, or from negligence less in degree than gross and willful negligence, on the part of the carrier. Therefore, where the defendant street railway company carried members of the city fire department free, without a pass, as a matter of courtesy, and plaintiff, a fireman, was injured by the carrier's negligence while rding on a car, he was a passenger, and entitled to recover damages, like a paying passenger.

Cases cited and approved: Washburn v. Railroad, 3 Head, 638; Marshall v. Railway & Light Co., 118 Tenn., 254 (explained); Railroad v. Derby, 14 How. (U. S.), 468; Traction, etc., Co. v. Lawson, 74 C. C. A., 630; Railroad v. O'Keefe, 168 Ill., 115; Traction, etc., Co. v. Klentschy, 167 Ind., 598.

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County (2d Division) to the Court of Civil Appeals, and by writ of

---

*As to the rights of a person riding on pass or contract for ree passage, see note in 22 L. R. A., 794. And upon the degree of are owed to free passenger in absence of stipulation upon the subject, see note in 5 L. R. A. (N. S.), 721.

On the question of the liability of a carrier to passengers traveling on passes or contracts contrary to provisions of statute or constitution, see note in 14 L. R. A. (N. S.), 526.

*certiorari* from the Court of Civil Appeals to the Supreme Court.—WALTER MALONE, Circuit Judge.

ROANE WARING, for Street Railway Co.

ANDERSON & CRABTREE, for Caviness.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The plaintiff below, W. N. Caviness, brought suit for personal injuries received while riding on a street car that collided with a wagon under circumstances showing, it is conceded by defendant company, negligence on the part of the motorman less in degree than gross and willful negligence. Plaintiff was a member of the city fire department, and, under customary grant of that courtesy by the company, was riding free, without a pass, "on his uniform."

The company's defense is based upon certain language used by Judge Wilkes in the opinion in *Marshall* v. *Railway & Light Co.,* 118 Tenn., 254, 101 S. W., 419, 9 L. R. A. (N. S.), 1246, 12 Ann. Cas., 675, which it is insisted holds or tends to hold that where, as here, no fare was paid for the passage, the relationship of common carrier and passenger is not to be deemed to have attached, and that the company would be liable only in event its gross or willful negligence were established.

While in the argument and reasoning of the opinion language is used (in reference to cases quoted from, which relate to carriage of goods, rather than to carriage of passengers, and therefore not analogous) which may be confusing,.yet that appeal is not to be construed as laying down the doctrine contended for by the counsel of the company. The decision in favor of the company sued in that case was based upon a provision of waiver, in a pass held by Marshall, to the effect that he rode upon the cars of the company entirely at his own risk of injury.

As early as 1859, this court held against the contention of defendant company in the present case, in *Washburn* v. *Railroad,* 3 Head, 638, 75 Am. Dec., 784; and nothing said in the *Marshall Case* was meant to indicate a departure from the rule there laid down.

In that earlier case it appeared that an engineer of the defendant company, on a private errand of his own, while off duty, without previous grant of permission, got on a passenger train and was injured in a collision while sitting in the baggage car. After stating that he was not to have applied to him the rules applicable as between master and servant, but was substantially in the attitude of a stranger, and that he had been received on the train without objection on the part of the conductor, the court said that the case was not affected by the fact that the plaintiff, at the time of the injury, was riding free, citing *Philadelphia R. Co.* v. *Derby,* 14 How. (U. S.), 468, 14 L. Ed., 502.

Railroad v. Caviness.

The rule that payment of fare is not requisite to the establishment of the relation of passenger to a carrier, and that such a one who is fairly accepted for transportation, may recover for want of ordinary care like a paying passenger, is buttressed by abundant authority. *Illinois Cent. R. Co.* v. *O'Keefe,* 168 Ill., 115, 48 N. E., 294, 39 L. R. A., 148, 61 Am. St. Rep., 87, 88; *Indianapolis Traction, etc., Co.* v. *Lawson,* 143 Fed., 834, 74 C. C. A., 630, 5 L. R. A. (N. S.), 721, 6 Ann. Cas., 666, and notes; *Indianapolis Traction, etc., Co* v. *Klentschy,* 167 Ind., 598, 79 N. E., 908, 10 Ann. Cas., 869; 5 Am. & Eng. Enc. L. (2d Ed.), 507; 6 Cyc., 544.

Negligence on the part of the carrier being admitted, as indicated, the judgment of the court of civil appeals is affirmed.