## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## MIDDLE DIVISION.

Nashville, December Term, 1920.

NASHVILLE RAILROAD & LIGHT COMPANY *v.* G. C. OVERBY.

(*Nashville.* December Term, 1920.)

1. APPEAL AND ERROR. Plaintiff's version accepted by jury must be taken as true.

Plaintiff's account of the accident in suit, accepted by the jury, must be taken as the true version of the facts in the Supreme Court. (*Post, p.* 583.)

Case cited and approved: Transit Co, v. Venable, 105 Tenn., 460.

2. CARRIERS. Employees riding free a passenger unless he has waived right.

An employee of a carrier when off duty, riding on the carrier's vehicle designated for the transportation of passenges by permission of those in charge, is to be treated as a passenger, though no fare is exacted from him, unless he is carried on a pass in accepting which he has expressly waived his right to claim compensation for injuries while being carried. (*Post, pp.* 584-585.)

Cases cited and approved: Washburn v. Railroad, 40 Tenn., 638; Transit Co. v. Venable, 105 Tenn., 460; Marshall v. Railway & Light Co., 118 Tenn., 254; Railroad Co. v. Caviness, 127 Tenn., 571.

3. CARRIERS. Waiver of liability to employee for injuries conditioned on use of free pass.

Where waiver of liability of street railway for injuries to its employee using a passbook for free passage was conditioned on the employee's use of the pass, if the pass was not used the waiver was ineffective, whether the employee paid a cash fare or the

conductor carried him without taking up a coupon from the passbook; mere possession of the passbook being immaterial to the employee's right of recovery for injuries. (*Post, pp.* 585, 586.)

FROM ——————.

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. A. B. NEIL, Circuit Judge.

R. F. JACKSON, for plaintiff in error.

JOHN T. LELLYETT, for defendant in error.

MR. JUSTICE GREEN delivered the opinion of the Court.

In this case there was a judgment for personal injuries in favor of Overby, from which the railway and light company appealed in error to the court of civil appeals. The judgment was affirmed in that court, and the case is before us on a writ of *certiorari* heretofore granted.

Evidence introduced by the plaintiff below tended to show that he was riding on a street car from which he undertook to alight at a point in South Nashville, and that as he was in the act of stepping off the platform the car was suddenly and negligently started by the motorman, throwing the plaintiff to the ground. The ground was covered with snow, and as a result of his fall the plaintiff slipped under the departing car, which ran over one of his feet. He suffered much pain from his injury, and it was finally necessary to amputate his leg at a point below the knee.

At the time of the accident, the plaintiff was employed as a collector in the lighting department of defendant

Nashville Railway & Light Company. He was on his way to a house near the point of his injury trying to locate a party against whom he had an account.

At the time of his employment by the defendant the plaintiff was furnished with a book of coupons, each of which entitled him to transportation over the lines of the defendant. This book was entitled on the cover, "Employee's Pass." The plaintiff testified that the car by which he was injured was operated by only one employee; that when he boarded the car he tendered his book of passes to the employee in charge; but that the latter declined to take up any coupon, saying that he knew plaintiff and nobody was on the car and it was not necessary to lift a coupon.

The conductor or motorman, whichever he may be termed, operating the car, says that he did take up one of the coupons from plaintiff's passbook and registered it. This employee also contradicts the account of the accident given by the plaintiff; but the latter account was accepted by the jury, and, of course, must be taken as the true version of the facts in this court.

Accepting the statement of the plaintiff to the effect that no coupon was taken out of his passbook, this case falls within *Transit Company* v. *Venable,* 105 Tenn., 460, 58 S. W., 861, where a gatekeeper of the company going to his work was permitted to ride on a car without any evidence of his right to transportation. The gatekeeper was held to be a passenger, and the carrier was held to be responsible for an injury negligently inflicted upon him.

It is well settled by our cases that an employee of a carrier, when he is off duty, or a stranger riding on a carrier's vehicle, designated for the transportation of passengers, by permission of those in charge, is to be treated as a passenger, even though no fare is exacted of him. This is true unless the free passenger is carried on a pass in the acceptance of which he has expressly waived his right to claim compensation for injuries done him while being transported. *Washburn* v. *Railroad,* 40 Tenn. (3 Head), 638, 75 Am. Dec., 784; *Transit Co.* v. *Venable,* 105 Tenn., 460, 58 S. W., 861; *Marshall* v. *Railway & Light Co.,* 118 Tenn., 254, 101 S. W., 419, 9 L. R. A. (N. S.), 246, 12 Ann. Cas., 675; *Railroad Co.* v. *Caviness,* 127 Tenn., 571, 157 S. W., 63, 46 L. R. A. (N. S.), 142, Ann. Cas., 1914B, 1208.

In *Marshall* v. *Railway & Light Co., supra,* the deceased was killed while riding on a complimentary pass in which he had waived all claim on account of any injuries sustained by him while using the pass. This stipulation was upheld as valid by this court, and a recovery was denied to the administrator of the deceased.

In the later case of *Railroad Co.* v. *Caviness, supra,* the rule in *Marshall* v. *Railway & Light Co., supra,* was limited to cases of gratuitous transportation where there had been a waiver of claim for liability against the carrier. Unless such a waiver exists, the carrier is still responsible for injuries inflicted upon a free passenger.

It appears in this case that the passbook given to Overby contained a stipulation to the effect that it was to be used at the risk of the person presenting it.

It is insisted that this case is to be distinguished from *Transit Co.* v. *Venable,* on the theory that Overby was in possession of this book of passes, and got onto the car with the intention of using it on his trip. He did not, however, according to his testimony, which the jury has accepted, use the pass at all. It was a coupon book containing a number of trip passes. The use of this book required that one of these coupons be lifted by the conductor when it was presented. The waiver of liability was conditioned upon the use of the pass. If the pass was not used the waiver was ineffective. If Overby had paid a cash fare for this journey, he would have been entitled to recover regardless of the fact that he had this coupon book in his pocket; so when the conductor carried him without the passbook being used, under the authorities mentioned, he was entitled as a passenger to a recovery. In neither of the cases put would the mere possession of the passbook cut any figure, inasmuch as it was not used.

Other questions presented in this case have been disposed of orally. The judgment of the court of civil appeals will be affirmed.

An earnest petition to rehear has been filed by the railway and light company. What we have said in the opinion we think sufficiently answers the points made. We do not think any charge of fraud with reference to this transportation can be justified against Overby. He tendered

his passbook to the conductor, but the latter declined to lift a coupon. Overby could not force the conductor to take a coupon, and, as said in the case of *Transit Company* v. *Venable,* the conductor was the *alter ego* of the master, and his acts in this connection bound the company.

The petition to rehear must be denied.