BERKEY v. MONTWHELER ET AL.

[No. 10,952. Filed October 11, 1921.]

1. APPEAL.—*Review.*—*Overruling Motion to Make Complaint Specific.*—*Indefiniteness not Prejudicial.*—In an action by purchasers of an automobile for breach of seller's agreement to return cash payment and purchase money notes on his failure to put the automobile in first class condition, the overruling

of a motion to make more specific an allegation in the complaint that the defendant failed to put the automobile "in first class condition," without specifying in what particular the automobile had not been repaired, *held* not ground for reversal, where it appears from the record, which includes the evidence, that the seller was not harmed by the indefinite character of the complaint. pp. 388, 390.

2. APPEAL.—*Review.—Ruling on Motion to Make Complaint Specific.*—The overruling of a motion to make a complaint more specific is so far within the discretion of the trial court that on appeal a reversal of the judgment on that ground will not follow unless the rights of the complaining parties have suffered. p. 389.

From Elkhart Superior Court; *William B. Hile,* Judge.

Action by Fred Montwheler and another against Albert J. Berkey. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*James L. Harman, Oscar Jay* and *Warren Berkey,* for appellant.

*James S. Dodge* and *Fred E. Cluen,* for appellees.

REMY, J.—This is an action by appellees against appellant. The complaint, omitting the formal parts, is in substance as follows: That on May 15, 1919, appellant, being the owner of a certain used automobile, entered into a verbal agreement with appellees, by the terms of which appellees agreed to purchase the automobile "for a consideration of $750, to be paid, $200 cash in hand, and the execution and delivery of twenty-two notes of twenty-five dollars each, due one each thirty days until the last of said notes is paid;" that appellant would retain the automobile in his possession and would make certain repairs, and would "put the same in first class condition and in good running order" within sixty days, and upon his failure so to do appellant "would return the cash payment of $200 and the said notes;" that pursuant to the agreement appellees

paid to appellant the $200, and executed and delivered to him the twenty-two promissory notes as agreed; that appellant in accordance with the agreement retained the automobile in his possession and still holds the same; that more than sixty days have elapsed since the agreement was entered into, but appellant has wholly failed and refused to put the automobile "in first class condition" as agreed; and that appellees, prior to the commencement of the action, demanded a return of the cash paid, and a return of the notes, all in accordance with the agreement.

A trial by the court resulted in a judgment for plaintiff, and for a cancellation of the notes. Following the rendition of the judgment, appellant filed a motion for a modification of the judgment.

It is urged by appellant that in as much as it is not averred in the complaint in what particular appellant, defendant below, failed to put the automobile "in first class condition," the court committed reversible error in overruling the motion to make the complaint more specific, and also in overruling the demurrer to the complaint. It is conceded by appellant in his brief, that the alleged error of the court in overruling the motion to make the complaint more specific, presents substantially the same question as is presented by the assignment that the court erred in overruling appellant's demurrer to the complaint. The theory of the complaint is not, as assumed by appellant, for a breach of warranty, nor is it for a rescission of the contract; and for that reason many of the authorities cited and relied upon by appellant are not controlling. The contract sued on, as set forth in the complaint, and shown by the evidence, is not an executed contract of sale, but an executory contract by the terms of which appellees agreed to buy of appellant the automobile in question,

the agreement being conditioned upon appellant repairing and putting the machine in first class condition and in good running order within sixty days from the date of the contract; it being a part of the agreement that if the machine was not put in such condition within the time fixed, appellant would pay back the $200 paid, and return the notes. As alleged in the complaint, the automobile was not delivered to appellees, and was not to have been delivered, until it was repaired and put in first class condition. Appellees' complaint is for the recovery of the money paid, and for the cancellation of the notes in accordance with the terms of the alleged agreement, it being averred that appellant had failed to perform his part of the agreement, that there had been full performance thereof by appellees, and that appellees had made demand for the return of the money and notes before commencement of the action. As alleged, appellant was at all times in possession of the automobile, and was himself a dealer in that class of vehicles. At the time he contracted to sell the machine, and at all times thereafter, he knew the character of its defects, and what would be required to put it in first class condition. The complaint would perhaps have been in better form if it had contained averments setting out specifically in what particular the automobile had not been repaired and put in first class condition; but is it apparent from the record that appellant was not harmed by the indefiniteness of the complaint. It has many times been held by the courts of appeal of this state, and is well settled, that the overruling of a motion to make a complaint more specific is so far within the discretion of the trial court, that on appeal a reversal on that ground will not follow, unless the rights of the complaining party have suffered. *Board, etc.* v. *State, ex rel.* (1913), 179 Ind.

644, 102 N. E. 97.   It clearly appears from the record which includes the evidence, that appellant was not harmed by the indefinite ·character of the complaint.   See §137 of Civil Code of Procedure, §407 Burns 1914, §398 R. S. 1881.   The court did not err in overruling the motion to make the complaint more specific, nor in overruling the demurrer.

Appellant's motion to modify the judgment by striking therefrom that portion which adjudged the cancellation of the notes, was properly overruled.   Appellant by his contract had agreed to return the notes if he failed to repair and deliver the automobile within sixty days.   Having failed to repair and deliver the machine within the time fixed, the court rightly adjudged the concellation of the notes.

The decision is sustained by the evidence.

Affirmed.