## ROHAN ET AL. *v.* GEHRING ET AL.

[No. 11,394. Filed December 8, 1922. Rehearing denied March 30, 1923. Transfer denied May 31, 1923.]

1. APPEAL.—*Questions Presented.—Complaint.—Motion to Make More Specific.*—No question is presented on the overruling of a motion to make a complaint more specific where the complainant makes no showing that he was in any way surprised or harmed as the result of such ruling. p. 48.

2. JUDGMENT.—*Joint Bond.—Recovery by One Obligee Only.—Statute.*—In an action on a bond, where the makers were bound to the obligees jointly, under §594 Burns 1914, §568 R. S. 1881, providing that a judgment may be given for or against one or more of several plaintiffs and for one or more of several defendants, it was not error to render judgment in favor of one obligee only. p. 48.

3. NEW TRIAL.—*Assignment of Error.—Excessive Damages.*—In an action on a contract, an assignment of error in a motion for a new trial that the damages awarded were excessive, *held*, improper. p. 49.

4. APPEAL.—*Briefs.—Propositions and Points.—Waiver.*—Alleged errors are waived by appellant's failure to state any proposition or point directed thereto. p. 49.

From Marion Superior Court (A1,361) ; *Solon J. Carter,* Judge.

Action by Caroline Gehring and others against David Rohan and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*White & Jones,* for appellants.

*Joseph P. Turk* and *Frank Mellis,* for appellees.

ENLOE, J.—In November, 1916, the appellee Caroline Gehring, then Caroline Lasly, entered into a contract with one Applegate for the construction of a dwelling house, for a sum named, and upon terms and conditions set forth in said contract.

It was understood by both said parties that the money necessary to pay for said work to be done under said contract was to be procured by said Gehring from the Railroadmen's Building and Savings Association, one of the named appellees herein, and to secure the said Gehring, and said savings association against any loss in the matter the said contractor, Applegate, executed the bond in question, with the appellant David Rohan as surety thereon. This action was brought by the obligees named in said bond, to recover damages on account of the alleged breach thereof by Applegate, in that he failed to pay for certain materials, and to keep

said building and premises free from any and all liens.

The issues being closed the cause was submitted to a jury which found in favor of appellee Gehring and assessed her damages at $860. The appellant Rohan duly filed his motion for a new trial which being overruled he now prosecutes this appeal. The errors assigned and presented are: (a) overruling motion to make complaint more specific; and (b) overruling motion for a new trial.

As to the first of the above alleged errors, the appellant has made no showing that he was in any way surprised or harmed in the trial of the case as a result of the ruling complained of, and therefore has shown no error in this matter. *Union Traction Co.* v. *City of Muncie* (1921), *post* ——, 133 N. E. 160, and authorities there cited.

1. sult of the ruling complained of, and therefore

Appellant next insists that the court erred in overruling his motion for a new trial. He insists that, as the action was upon a bond by which the makers thereof were bound to the obligees therein named *jointly, there must be a recovery by both the named obligees,* and that there can be no recovery by one only, of such named obligees.

An examination of the section of the statute cited and relied upon by appellant discloses that it relates to "pleading"—to the persons who should be joined

2. as plaintiffs in a *joint action.* The authorities

cited by appellant also relate to the same subject and are therefore not in point. Section 594 Burns 1914, §568 R. S. 1881, expressly provides that—"Judgment may be given for or against one or more of several plaintiffs and for or against one or more of several defendants; *   *   *.*"

Speaking of the above section of the statute the court in *Nicodemus* v. *Simons* (1890), 121 Ind. 564, 23 N. E. 521, said: "Keeping in mind the language of the said

section of the statute, and the spirit of the code in which we find it, we can but come to the conclusion that it was the intention of the law-giving power by the enactment of said section, in *all* actions having more than one party plaintiff or more than one party defendant, to confer upon the courts power to brush aside all technical objections which disregard what is substantive, and depend upon mere form, and to render judgment according to the rights of the parties as disclosed by the evidence and embraced within the subject-matter covered by the issues tendered." (Our italics.)

We therefore conclude that appellant's contention, in this matter, is not well taken.

Appellant next insists that his motion for a new trial should have been sustained because he says the damages awarded are "excessive." In several different

3. ways, in his motion for a new trial appellant assigned as a reason why he should have such new trial, that "the damages are excessive." This being an action upon a contract such an assignment was not a proper one. *Lake Erie, etc., R. Co.* v. *Acres* (1886), 108 Ind. 548, 9 N. E. 453.

Other alleged errors are waived by appellant's failure in his brief to state any proposition or point directed thereto.

4. No error has been presented, and the judgment is therefore affirmed