TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* MCDERMOTT.

[No. 11,600. Filed November 13, 1923. Opinion modified and rehearing denied July 2, 1924. Transfer denied November 12, 1924.]

1. PLEADING.—*Facts must be pleaded and not evidence.*—Under the Code of Civil Procedure (§§343, 385 Burns 1914, §§338, 376 R. S. 1881), the plaintiff must plead the facts constituting his cause of action "in plain and concise language," but is not required to plead in detail evidentiary facts. p. 137.

2. APPEAL.—*Overruling motion to make more specific, when harmless error.*—Under the Code of Civil Procedure (§385 Burns 1914, §376 R. S. 1881), the overruling of a motion to require a pleading to be made more specific, where the evidence admissible thereunder as amended would have been the same, and defendant did not complain of surprise, or ask a continuance and was not misled as to the issues or prevented from making preparations for defense, was harmless error. p. 138.

Terre Haute, etc., Traction Co. *v.* McDermott—82 Ind. App. 134.

3. APPEAL.—*Overruling a motion to strike out or to separate into paragraphs is harmless error.*—Reversible error cannot be predicated on the action of the court in refusing to strike out parts of a complaint or to separate the complaint into paragraphs. p. 139.

4. PLEADING.—*Overruling motion to require election as to theory of complaint harmless error.*—In an action for damages, the overruling of a motion to require plaintiff to elect on which of two theories of negligence presented by the complaint he would try the cause was not reversible error. p. 139.

5. STREET RAILROADS.—*Complaint sufficiently alleged negligence in operation of car in thickly populated part of city.*—In an action for injuries to a child by a street car, allegation in the complaint that the car was run on a narrow street in a thickly populated part of a city, and over a place in the street which was used by the general public, including small children, and that plaintiff, a small boy of immature age, was on the street with other small children and was going along and across the street, that the motorman operated the street car at a careless and negligent rate of speed and, in the exercise of ordinary care, could have seen plaintiff and stopped the car, but negligently failed to have the car under control and ran said car up to and against plaintiff, *held* sufficient to show actionable negligence. p. 139.

6. NEGLIGENCE.—*Contributory negligence not imputable to child of tender years.*—Contributory negligence cannot be imputed to a child when of such tender years that it is, by legal presumptions, incapable of judgment or discretion. p. 140.

7. STREET RAILROADS.—*Care required of operator of street car in thickly populated part of city.*—It is the duty of the person operating a street car in the thickly populated section of a city to exercise ordinary care to keep the car under control, and as to its speed, to keep a lookout for persons on or near the tracks ahead of the car, and to exercise such care as a reasonably prudent person would exercise under like circumstances. p. 140.

8. STREET RAILROADS.—*Complaint for negligent injury to child held sufficient.*—In an action for injuries to a child by a street car in a thickly populated section of a city on a narrow paved street, it is not necessary to aver in the complaint negligence as to the speed of the car, violation of statutory duty or city ordinances, but it is sufficient if the negligence pleaded shows a duty to be performed by defendant and that a failure to perform that duty resulted in the injuries of which complaint is made. p. 141.

Terre Haute, etc., Traction Co. *v.* McDermott—82 Ind. App. 134.

9. TRIAL.—*Refusal to give instructions not error when already covered.*—The refusal of the court to give tendered instructions which correctly state the law is not error when covered by other instructions given. p. 142.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by Clarence McDermott, by his next friend, George McDermott, against the Terre Haute, Indianapolis and Eastern Traction Company. From the judgment for plaintiff, the defendant appeals. *Affirmed.*

*McNutt, Wallace, Harris & Randel,* for appellant.
*George W. Wills, Rawley & Baumunk* and *Charles D. Hunt,* for appellee.

REMY, J.—Action to recover damages for personal injuries. The complaint avers, in substance, that on the day appellee was injured, appellant was operating an electric street railway in a certain narrow and paved street in a thickly populated part of the city of Terre Haute, and over a point or place in the street which, as appellant knew, was, and for many months prior thereto had been, in general use by the public including small children who would, at such place, frequently congregate and cross over the street and the street car tracks laid therein; that at the time and place in question appellee, who "was a small boy of immature age, to wit, six years" was on the street with other small children, and "was going along and crossing" the street, at which time a street car operated by appellant's motorman was approaching the place, which street car was being operated "at a careless and negligent rate of speed, to wit, about fifteen miles an hour"; that the motorman at the time, in the exercise of ordinary care, could have seen appellee and the other children in the street at a distance of 400 or 500 feet before he reached them, and did see appellee when appellee "was at or

near" the street car tracks, and when the motorman was at "a distance of from seventy-five to one hundred feet" from the place where appellee was crossing the street, and in time to have stopped the car before striking appellee; that as the motorman with the street car approached the point in the street where appellee was crossing, he negligently failed to keep a proper lookout for children and others upon the tracks, and negligently failed to have his car under control, or to check the speed thereof, but "ran said car up to and against" appellee, thereby so injuring him that he lost his right leg; that the injury to appellee "was the proximate result of the negligence" and "each act of negligence" of appellant as averred.

Appellant unsuccessfully moved the court to require plaintiff to make his complaint more specific, to strike from the complaint certain surplusage, to set out in separate paragraphs of complaint each act of negligence relied on for recovery, and to require plaintiff to elect upon what theory of negligence he would try the cause. A demurrer to the complaint for want of sufficient facts having been overruled, the cause was put at issue, and a trial resulted in a verdict and judgment for appellee.

It is unnecessary to set forth in this opinion appellant's motion to require appellee to make his complaint more specific. The motion for the most part called for matters of evidence, and not issuable facts. Under the Code of Procedure of this state, a plaintiff is required to plead the facts constituting his cause of action "in plain and concise language," but he is not required to plead in detail the evidentiary facts. The Code also provides that—"In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed; with a view to substantial justice between the parties." §385 Burns 1914, §376 R. S. 1881.

It is only where the precise nature of the charge is not apparent that, as the Code provides, "the court may require the pleading to be made definite and certain by amendment." §§84, 126, Code Civil Proc., §§343, 385 Burns 1914, §§338, 376 R. S. 1881. Even if a motion to require a pleading to be made more specific might properly be sustained, the action of the court in overruling the motion is not always reversible error. As was said by the Supreme Court in an opinion by Judge Mitchell, in *Phoenix Ins. Co.* v. *Rowe* (1889), 117 Ind. 202, 20 N. E. 122: "While the granting or refusing of such motions is not a matter wholly within the discretion of the *nisi prius* courts, it is nevertheless so far discretionary that a reversal would not follow, except in a case where it appeared that the rights of the party complaining may have suffered." See, also, *Pittsburgh, etc., R. Co.* v. *Simons* (1907), 168 Ind. 333, 79 N. E. 911; *Cleveland, etc., R. Co.* v. *Wolf, Admr.* (1920), 189 Ind. 585, 128 N. E. 38, 695; *Trayser Piano Co.* v. *Kirschner* (1880), 73 Ind. 183; *Terre Haute, etc., Traction Co.* v. *Sanders* (1922), 80 Ind. App. 16, 136 N. E. 54; *Berkey* v. *Montwheler* (1921), 76 Ind. App. 386, 132 N. E. 306; *Kinmore* v. *Cresse* (1913), 53 Ind. App. 693, 102 N. E. 403; *Clawson* v. *Black* (1923), 80 Ind. App. 111, 138 N. E. 362.

If the motion to make more specific had been sustained and the complaint amended accordingly, the evidence admissible thereunder would have been the same as under the complaint as it now stands. On the trial, appellant did not complain of surprise; no continuance was asked; and it does not appear from the record that appellant was in any way misled as to the issues presented, or that it was in any way prevented from making preparations for its defense. While the motion might with propriety have been sustained in part,

an examination of the whole record discloses that appellant was in no way harmed by the action of the court in overruling the motion. It follows that the error, if any, is not a cause for reversal. See, *Leimgruber* v. *Leimgruber* (1908), 172 Ind. 370, 86 N. E. 73, 88 N. E. 593; *Union Traction Co.* v. *City of Muncie* (1921), 80 Ind. App. 260, 133 N. E. 160; *Western Life, etc., Co.* v. *Lindsay* (1920), 74 Ind. App. 122, 127 N. E. 841; *Rohan* v. *Gehring* (1922), 80 Ind. App. 46, 137 N. E. 288.

The action of the trial court in refusing to strike out parts of a complaint is not reversible error. *Fidelity, etc., Ins. Co.* v. *Purlee* (1922), 192 Ind. 106, 135 N. E. 385. Nor can available error be predicated upon the action of the court in overruling a motion to separate a complaint into paragraphs. *Baldwin Piano Co.* v. *Allen* (1918), 187 Ind. 315, 118 N. E. 305; *Adams* v. *Antles* (1914), 57 Ind. App. 594, 105 N. E. 931.

3.

It has been held by this court, in an opinion which was approved by the Supreme Court on petition to transfer, that, under the practice authorized by the Civil Code of this State, it is not reversible error, in an action for damages for negligence, to overrule a motion by defendant to require plaintiff to elect on which of two theories presented by the complaint he would try the cause. *Nordyke & Marmon Co.* v. *Hilborg* (1915), 62 Ind. App. 196, 110 N. E. 684. In the case at bar, appellant could not in any event have been harmed, since it affirmatively appears from the record that the cause was tried upon a single theory, and no claim is made by appellant that it was in any way surprised or misled.

4.

It is urged that the facts averred in the complaint are not sufficient to show actionable negligence. We cannot concur in this view.

5.

Terre Haute, etc., Traction Co. *v.* McDermott—82 Ind. App. 134.

In passing upon the sufficiency of the complaint, it is important that we keep in mind the averment that appellee at the time he received the injury complained of was a small boy, but six years of age, and that "there were other small boys of about the same age of plaintiff in said street and crossing said street at said time." Although the law does not fix the age at which children are of sufficient intelligence to have imposed upon them the degree of care incumbent upon persons of mature age, it is well settled that "contributory negligence cannot be imputed to a child when of such tender years that it is, by legal presumption, incapable of judgment or discretion"; and many courts have held that children under the age of seven years are incapable of contributory negligence. *Elwood St. R. Co.* v. *Ross* (1900), 26 Ind. App. 258, 58 N. E. 535; *Louis Pizitz Dry Goods Co.* v. *Cusimano* (1921), 206 Ala. 689, 91 So. 779. In any event, as held by the Supreme Court of this State in an opinion by Judge Elliott, "the age of a child is an important element to be considered in determining whether the person who injured him was negligent, as well as in determining whether the child himself was guilty of contributory negligence." *Indianapolis, etc., R. Co.* v. *Pitzer* (1886), 109 Ind. 179, 186, 6 N. E. 310. See, *Indianapolis St. R. Co.* v. *Schomberg* (1905), 164 Ind. 111, 72 N. E. 1041; *Indianapolis St. R. Co.* v. *Bordenchecker* (1904), 33 Ind. App. 138, 70 N. E. 995.

In the operation of a street car in a thickly populated part of a city, it is the duty of the person having charge of the car to exercise ordinary care to keep the car under control, and as to its speed, and a like care to keep a lookout for persons on or near the tracks ahead of the car. *Indianapolis Traction, etc., Co.* v. *Kidd* (1906), 167 Ind. 402, 409, 79 N. E. 347, 7 L. R. A. (N. S.) 143, 10 Ann. Cas. 942; *Indiana Union*

*Traction Co.* v. *Love* (1912), 180 Ind. 442, 99 N. E. 1005; *Indiana Union Traction Co.* v. *Langley* (1912), 178 Ind. 135, 98 N. E. 728; *Marchal* v. *Indianapolis St. R. Co.* (1901), 28 Ind. App. 133, 138, 139, 62 N. E. 286; *Moran* v. *Leslie* (1904), 33 Ind. App. 80, 70 N. E. 162; *Indianapolis St. R. Co.* v. *Schmidt* (1904), 35 Ind. App. 202, 71 N. E. 663; *Reid, Admr.,* v. *Terre Haute, etc., Trac. Co.* (1920), 73 Ind. App. 541, 127 N. E. 857.

The allegations in the complaint that appellee was crossing the street at the time he was injured at a point other than a street intersection, would not render the complaint demurrable. If, as averred, the street was a narrow paved street in a populous part of the city, it was the duty of appellant in the operation of its car whether at street intersections or not, to exercise such care as a reasonably prudent person would exercise under like circumstances. *Denver City Tramway Co.* v. *Brown* (1914), 57 Col. 484, 497, 142 Pac. 364, 369; *Ivy* v. *Marx* (1920), 205 Ala. 60, 87 So. 813; *Sheffield Co.* v. *Harris* (1912), 183 Ala. 357, 61 So. 88. See, *Louisville, etc., R. Co.* v. *Phillips* (1887), 112 Ind. 59, 13 N. E. 132, 2 Am. St. 185.

The theory of the complaint adopted by the court and the parties at the trial is not that of last clear chance. The theory upon which the complaint

8. must be tested is the negligent operation of a street car in a populous part of a city by a motorman in the line of his duty, who at the time had constructive knowledge of the presence of small children in the street at a point over which he was about to pass; and actual knowledge of the presence of plaintiff, a six year old child, at or near the tracks at such point. To hold the complaint sufficient, it is not necessary, as contended by appellant, that the acts of negligence averred therein, including the alleged negligence as to the speed of the car, should be violations of a

142    APPELLATE COURT OF INDIANA,

Terre Haute, etc., Traction Co. *v.* McDermott—82 Ind. App. 134.

statutory duty, or of a duty created by ordinance. It is sufficient if the acts of negligence pleaded show a duty owing from appellant to appellee, and that the failure to perform such duty resulted in the injuries of which complaint is made. If appellant's motorman was operating the car at a speed of fifteen miles an hour, that was 660 feet every thirty seconds. How appellee received the injuries of which he complains, and the acts of negligence relied upon for recovery, are set forth in the complaint with sufficient certainty to apprise a person of common understanding as to what was intended, and, as we have already stated in our discussion of the alleged error of the court in its ruling on the motion to make the complaint more specific, that is the standard fixed by the Code. Besides, it affirmatively appears from the record that appellant knew from the complaint the charge it was called upon to meet. The trial court did not err in overruling the demurrer. See, *Carter* v. *Richart* (1916), 65 Ind. App. 255, 114 N. E. 110; *Jackson Hill Coal Co.* v. *Van Hentenryck* (1918), 69 Ind. App. 142, 120 N. E. 664; *Haskell, etc., Car Co.* v. *Logermann, Admx.* (1919), 71 Ind. App. 69, 123 N. E. 818; *Vulcan Iron, etc., Co.* v. *Electro, etc., Min. Co.* (1912), 54 Ind. App. 28, 99 N. E. 429, 100 N. E. 307; *Louisville, etc., Traction Co.* v. *Lottich* (1914), 59 Ind. App. 426, 435, 106 N. E. 903.

Error is predicated upon the action of the court in the giving of certain instructions, and in the refusal to give certain others tendered by appellant. We 9. have examined all of the instructions of which complaint is made; also all instructions tendered by appellant, and which were refused by the court. The requested instructions which stated the law correctly were covered by other instructions given. The instructions given by the court when taken as a whole

fairly state the law of the case. There is evidence to sustain the verdict. Appellant makes no claim that the damages assessed are excessive.

Affirmed.