## RED TOP CAB CO. v. B. ROSENBLUM.

Western Section.   December 7, 1926.

No petition for Certiorari was filed.

1. **Appeal and error.   On appeal party is confined to errors alleged in motion for new trial.**

   On appeal a question cannot be raised which was not incorporated in the motion for new trial.

2. **Appeal and error.** Appellate Court looks to the final judgment of the lower court and not to the reasons used in reaching it.

On appeal, the Appellate Court looks to the final judgment and not to the reasons for the trial judge reaching the conclusion that he has reached. If his conclusions are right, the judgment will be affirmed.

3. **Appeal and error.** The judgment of the trial court will not be disturbed on appeal if there is any evidence to support it.

Where there is evidence to support the verdict in the lower court, the Appellate Court will not disturb it.

Appeal in Error from Circuit Court of Shelby County; Hon. A. B. Pittman, Judge.

Affirmed.

A. J. Donelson, of Memphis, for plaintiff in error.

Bearman v. Bearman, of Memphis, for defendant in error.

OWEN, J. Two suits were begun before a justice of the peace of Shelby county. B. Rosenblum instituted a suit against the Red Top Cab Company, a corporation in which it was alleged that by reason of the gross negligence of defendant in the operation of one of its taxi-cabs on or about the 30th day of November, 1925. Said taxi-cab ran into the automobile of plaintiff and damaged the same to the extent of $191.60. The Red Top Cab Company instituted a suit before the same justice of the peace against Rosenblum for $200 for damages to one of its cabs. By consent the two causes were heard together before Judge A. B. Pittman, without the intervention of a jury. He decided the issue in favor of Rosenblum and gave him judgment for the damages claimed—$191, and dismissed the suit of the Red Top Cab Company. Thereupon the Red Top Cab Company, hereinafter called defendant, moved for a new trial, which was overruled, prayed and was granted an appeal to this court, perfected the same and has assigned four errors, as follows:

First: There was no evidence to support the judgment. The judgment was against the law and the evidence, and also the weight and preponderance of the testimony.

Second: The Circuit Judge erred in basing his decision on what he termed physical facts, to-wit, the positions of the cars after the collision, and failing to consider the testimony of the witnesses.

Third: The court erred in misconstruing the testimony of the witnesses as to the physical facts.

Fourth: The court erred in refusing to consider the testimony of the witnesses, and especially the testimony of defendant's witnesses, which showed that the collision occurred on the west side of the street, which was the right-hand side for the driver of the Red Top cab.

In the motion for a new trial the defendant only had two grounds, which are as follows:

First: There is no evidence to support the judgment; and, second, the judgment is against the weight and preponderance of the evidence.

The defendant will be confined to the alleged error upon which the motion for a new trial is predicated. Matthews v. Crofford, 129 Tenn., 541; Rule 11 subsec. 4 of this court, found in 151 Tenn., page 815.

The only question that is really raised by all of the assignments of error is whether or not there is any evidence to support the judgment of the lower court. This court looks at the final judgment of the lower court and not the reasons for the trial judge reaching the conclusion that he has reached. His conclusion may be right and his reasons for reaching that conclusion may be erroneous, so it is the final conclusion that is to be considered here.

The contention of B. Rosenblum is that his car was being driven north on Waldran Avenue on the east side of the street in a very careful manner, and that the Red Top Cab, which had been going west on Poplar turned from Poplar to south on Waldran came over to the east side of the street and struck his car on the east side of Waldran Avenue. That the driver of the cab had been going at a great rate of speed and in turning into Waldran did not straighten his wheels and continued to go south on Waldran on the east side of the street, thus causing the accident.

The contention of the Cab Company is that Rosenblum's car swerved to the west side of the street, struck the cab and dragged the same across to the west side of Waldran.

There was a conflict as to how this accident happened, as related by the witnesses who testified before the trial judge. At the time of the accident plaintiff's car was being driven by his son Louis Rosenblum, and we quote from his testimony, as follows:

That he was driving his father's Buick car accompanied by his brother Morris, coming from work north on Waldran Avenue, in the city of Memphis, Shelby county, Tennessee, approaching Poplar street in said city when the Buick car which was being driven on the east side of said Waldran Avenue had reached a point about 150 feet south of Poplar street, it was collided with by a cab of the defendant driven by a chauffeur, which was being operated south on Waldran Boulevard at a high rate of speed; that he saw the cab of the defendant turn the corner to go south on Waldran Avenue from west on Poplar street, and it was going at about 40 miles per hour; that the driver of the cab did not straighten up his vehicle, but continued his turn which he made when he entered Waldran Boulevard until he reached the east side of

Waldran Boulevard and struck plaintiff's automobile, a Buick Sedan, at the left front wheel, demolished the wheel and caused the car to be jammed against the sidewalk; that after the collision the Buick car was standing against the curb while the cab was lying diagonally across Waldran Avenue the front end of it within a few feet of the left rear wheel of the Buick automobile of the plaintiff, and the rear end of the cab standing on the west side of the street. That the front part of the cab was well over the intersection of the street and on the east side of Waldran. That he is going to High School; that he works for the Daily News every morning from five to seven o'clock and that he was returning home from work when said accident occurred, that he did all possible to avoid the accident and that at the time of collision he had practically stopped and was against the east curb.

The trial judge evidently believed the witness Louis Rosenblum and his brother Morris. His evidence is not unnatural, incredible and inherently improbable. Where there is any material evidence to support the findings of a circuit judge upon a question of facts, his finding of facts will not be disturbed. State v. Black, 130 Tenn., 529.

A judgment pronounced by the circuit judge will not be disturbed by the appellate court if there is any material evidence to support any theory upon which the judgment can be legitimately raised. Rabb v. Cherry, 98 Tenn., 72.

The appellate court must after verdict or judgment in the lower court for the plaintiff accept as the established facts in the case the version of the plaintiff as to the controverted questions of fact. Fairbanks-Morse Company v. Gambell, 142 Tenn., 633; Nashville Railway Co. v. Overby, 143 Tenn., 581.

The trial court's decision on conflicting evidence will not be reversed by the appellate court. Mort v. Noe, 144 Tenn., 337.

It results that we find material evidence sustaining the judgment of the lower court and it is in all things affirmed.

The assignments of error are overruled. The defendant and surety on appeal bond will pay the cost of the cause, including the cost of appeal, for which execution will issue.

Heiskell and Senter, JJ., concur.